N. G. BROWNE, Appellant, v. BEN H. WILLIS et al., Appellees.

**MORTGAGES:** Foreclosure—Conflicting Claims to Rent Money. A receiver who, under real-estate mortgage foreclosure (to which the owner and occupying tenant were parties), is awarded immediate possession of the premises and the rights to the rents during redemption period, and who thereupon rents the premises to said occupying tenant, is entitled to the rent money paid into court by the tenant, in preference to the assignee of rent obligations executed to the owner, prior to said foreclosure, by the same tenant and for the same period of time.

Headnote 1:  27 Cyc. p. 1630.

*Appeal from Warren District Court.*—W. S. COOPER, Judge.

FEBRUARY 17, 1925.

SUIT in equity to recover upon certain rent notes executed by defendant Ben H. Willis and Rosa Willis, his wife. The plaintiff interpleaded defendant C. E. Stewart, receiver, who filed a cross-petition claiming to recover for the same rents from the defendants Willis. Though Willis first pleaded a defense as against his codefendant Stewart, subsequently he paid the money into court, for the benefit of whichever claimant was entitled thereto. Thereafter, by mutual acquiescence, the plaintiff and Stewart have made their controversy for the fund as though they had been interpleaded by Willis, and they mutually agreed that Willis should be held liable to one payment only. Judgment was entered for the defendant Stewart, and the plaintiff has appealed.—*Affirmed.*

*J. O. Watson,* for appellant.

*A. V. Proudfoot,* for appellees Ben H. Willis and Rosa Willis.

*S. C. Hickman,* for C. E. Stewart, Receiver.

EVANS, J.—The plaintiff brought his suit upon a farm lease and two rent notes executed pursuant thereto. These in-

struments were executed by Willis to Haltom on February 13, 1923. On February 15, 1923, Haltom sold the notes for a good consideration to the plaintiff, and as a part of the same transaction, assigned to him the written lease pursuant to which the rental notes were given. Stewart claims the same rent from Willis for the year 1923, as receiver, duly appointed in certain foreclosure proceedings. One ground of such claim is that his right to such rent has been fully adjudicated in the decree entered in the foreclosure proceeding. Plaintiff, Browne, was not a party to the foreclosure proceeding. He contends, therefore, that he was not bound by such adjudication.

It appears that the leased farm was subject to two certain purchase-money mortgages, held by one H. L. Stewart, as mortgagee. These mortgages had been executed by a former purchaser, one Beeler. Haltom acquired the land from Beeler, and held an unrecorded deed therefor, in which he assumed and agreed to pay the mortgages. These mortgages became due on March 1, 1923, and foreclosure thereof was brought on March 9, 1923. Decree was entered therein on April 5, 1923. Beeler and wife, Haltom and wife, and Willis and wife, were all made party defendants in such foreclosure proceeding. The mortgages provided for the appointment of a receiver, in event of foreclosure, who should take possession of the land and collect the rents and profits thereof, pending the year of redemption. Pursuant to appropriate pleading, this relief was granted in the decree, and this defendant C. E. Stewart was appointed as such receiver. The decree, by its terms, evicted the tenant Willis. The receiver immediately demanded possession from Willis, and Willis surrendered the same, by accepting a lease from the receiver and executing his notes to the receiver for the rent to accrue. It was in this manner that both of the contending parties became possessed of rent notes from Willis for the same rent. This suit purports to be brought in equity. The equitable relief prayed is that the plaintiff's landlord's lien be established upon the crops grown on such premises, as against all claim of the defendant Stewart, receiver, "and that special execution issue for the sale thereof and for general equitable relief." The argument has taken a broad range, and has discussed some intricate questions which we do not deem controlling of the

result. No claim is made by either party that the defendant Willis can be held to a double liability. The fact that defendant Willis has paid the rent into court for the benefit of whichever party is entitled thereto, quite eliminates from the case the question as to which of the contending parties has the prior lien upon the growing crops. Inasmuch as the liability of Willis is reduced to a single liability, only one of these parties can recover. The losing party will lose his cause of action against Willis. He will thereby necessarily lose his alleged landlord's lien. The successful party will have no need of the landlord's lien, because Willis has already paid the money into the hands of the clerk, to meet his claim when established. The question of lien, therefore, has no other significance than that the existence of a valid lien on some prior date may have a bearing argumentatively upon the present conflicting rights of the parties. We are not called upon to adjudicate any question of priority of liens.

This suit was begun on October 15, 1923.

That the mortgagee Stewart had a perfect adjudication as against the defendant Willis in his decree of April 5, 1923, is beyond question. The receiver, therefore, was entitled to enforce his lease and to collect the rent notes thereunder by force of such prior adjudication alone, and regardless of any question of prior liability incurred by Willis to Haltom. If we should further find that the plaintiff was entitled to recover against Willis upon the lease held by him, regardless of the liability subsequently incurred by him to the receiver, we should be confronted with a perplexing situation, in view of the concessions implied in the record that Willis is subject to one liability only.

The plaintiff did not take the rent notes as negotiable paper. They were executed as mere adjuncts to the leasing contract, and were so made to appear upon their face. They were so described in the lease as a part thereof. The plaintiff is to be regarded, therefore, as a mere assignee of the lease, with all the benefits to accrue therefrom. The rights of the plaintiff thereunder are precisely what those of Haltom would have been. The leasing contract was executory. The sole consideration moving to Willis as lessee was the executory undertaking of the lessor that he would maintain the lessee's right of possession of

the premises during the period of the lease. If Haltom had sought recovery upon the lease, he would have had to show performance of his undertaking in that respect. True, he would be entitled to some initial presumption in the first instance. But if it were made to appear, as against him, that he had failed to maintain the right of possession in his tenant, and that the tenant had been evicted, it would be a complete defense as against him. It would be no less a defense as against his assignee. The assignment of the lease by Haltom did not terminate his obligation to perform its covenants, both expressed and implied. His assignee took with knowledge that a failure of his assignor to perform such covenants would amount to a failure of consideration, and would destroy the right of recovery against the tenant. He was, therefore, bound to see that such covenants were performed, either by Haltom or by himself in Haltom's behalf. *Todd v. State Bank of Edgewood*, 182 Iowa 276. But the tenant was not required to look further than to his own landlord for the performance of such covenants. The decree against Willis and against Haltom worked a legal eviction. It is no answer to say that Browne was not a party to the decree. Willis and Haltom were parties. The mortgagee Stewart, as plaintiff, served as defendants all parties who appeared to have any interest in the premises, either upon the public records or by possession of the property. He does not appear to have had either actual or constructive notice of the right of Browne. He was not bound to discover him as a condition to the assertion of his claim against Willis and against Haltom. Having thereby accomplished an eviction of both the tenant and his landlord, it was immaterial to whom the receiver should thereafter rent the land for the season of 1923. If he had rented to a stranger, this plaintiff could not have recovered rent from him nor could he have regained from him the possession which had been taken away from Willis and Haltom. The receiver did rent the premises to Willis. This was considerate to Willis, but it involved him in new relations, and put him under new obligations. It did not enlarge the rights of this plaintiff, nor did it restore to him the rights that he had lost. These questions are decisive of the case. Granted that the adjudication pleaded was not binding upon Browne in a conclusive sense, it was enough that it

be binding upon Willis and Haltom, in order to constitute an eviction. Granted that the plaintiff, under the lease, had a potential lien upon the crops to be grown during the season, and that the mortgagee had none, prior to default and foreclosure, yet such lien could not survive a dead cause of action on the lease.

We think the case was properly decided by the lower court, and its decree is, accordingly, affirmed.—*Affirmed*.

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.