M. C. KEENAN, Appellee, v. T. H. JORDAN et al., Appellants.

**MORTGAGES:** Foreclosure—Rents—Adjudication Against Chattel Mortgage. On the issue, in real estate mortgage foreclosure, whether an outstanding lease between the owner and his tenant (parties to the action) was superior to the mortgagee's right to a receiver for said premises and for the rents thereof, an unappealed decree which orders the appointment of such receiver works an *eviction* of said tenant and the consequent *nullification* of a chattel mortgage by the landlord on his share of the crop rent under said lease, it appearing that the real estate mortgagee had no notice or knowledge of such chattel mortgage until after the entry of his decree of foreclosure. (See Book of Anno., Vol. I, Sec. 12376, Anno. 85 *et seq.*)

Headnote 1: 42 C. J. p. 128.

*Appeal from Marshall District Court.—*J. W. WILLETT, Judge.

JANUARY 10, 1928.

Action to foreclose a chattel mortgage. The court granted the relief sought. The facts are set forth in the opinion.—*Reversed*.

*Johnson, Donnelly & Lynch,* for appellants.

*W. D. Kearney* and *E. N. Farber,* for appellee.

FAVILLE, J.—Taylor owned a farm of 200 acres in Poweshiek County. He gave a real estate mortgage on said farm to the appellant Midland Mortgage Company. This mortgage was duly recorded in Poweshiek County on January 31, 1922. The mortgage did not, by its granting clause, pledge the rents and profits of the said premises from the date of the mortgage, but it did provide that, upon the bringing of suit, a receiver should

be appointed, to collect the rents and profits thereafter accruing from said real estate and apply the same upon the mortgage indebtedness. On July 25, 1924, Taylor conveyed said premises by quitclaim deed to Jordan. On August 11, 1924, Jordan leased said premises to Taylor for the term of one year, beginning on March 1, 1925. Said lease provided for a share of the crop as rental. The quitclaim deed was recorded in Poweshiek County. On or about October 21, 1924, the Midland Mortgage Company began suit in Poweshiek County for the foreclosure of its said mortgage, and in its petition filed in said cause, it asked for the appointment of a receiver to take possession of said property and to collect the rents and profits arising therefrom. The original notice in said action was duly served on Taylor and on Jordan in October, 1924. Each of said parties appeared in said action and filed answer in November, 1924. Jordan alleged that he had acquired title to said premises, and that he had leased the same to Taylor for the year commencing March 1, 1925, to March 1, 1926. Taylor answered, alleging that he had deeded the premises to Jordan, and that he had leased the same from Jordan for the said term. The cause was tried, and the decree was entered on December 10, 1924, foreclosing the said mortgage of the Midland Mortgage Company and establishing the same as a lien on said premises from the date of the mortgage. The decree not only foreclosed said mortgage, but appointed a receiver, with orders to take possession of said real estate and collect the rents and profits and hold possession of said real estate until the expiration of the redemption period. No appeal was prosecuted from said action, and shortly after said decree,—to wit, on January 5, 1925,—the receiver leased said premises to Taylor. The lease which Jordan gave to Taylor and the lease which the receiver executed to Taylor each provided for the payment of a share of the grain raised upon said premises, as rental. The receiver took possession of the share of said grain due as rental under said lease, and sold a portion of it, and held the balance in his possession at the time this action was commenced.

The record shows that, under date of August 15, 1924, Jordan gave to Keenan a chattel mortgage upon Jordan's share of said rent under the lease which he had made with Taylor before the action in Poweshiek County was commenced. This chat-

tel mortgage was recorded in Poweshiek County on November 6, 1924, which was shortly after the foreclosure action had been begun in said county, and after the original notices in said action had been served upon both Taylor and Jordan. There is no claim in the case that the mortgagee, who was plaintiff in said foreclosure action, had any knowledge of the existence of said chattel mortgage until this action was commenced in Marshall County.

On January 12, 1926, Keenan began this action in Marshall County, where Jordan resides. The mortgagee in the real estate foreclosure proceeding in Poweshiek County and the receiver who had been appointed in said proceeding were made parties to this action. Issues were tendered which substantially present the foregoing record, and upon trial, the court in Marshall County decreed that said chattel mortgage was senior and superior to any rights of the holder of the real estate mortgage or the receiver appointed in said foreclosure action, and ordered and decreed that a special execution issue for the sale of said property in the hands of the receiver. It is from this decree that this appeal is prosecuted.

This case is strikingly similar to the case of *Browne v. Willis*, 199 Iowa 453. In that case it appeared that Haltom owned a farm upon which there was a real estate mortgage. Haltom leased the farm to one Willis, and received rent notes therefor. He sold said rent notes to the plaintiff Browne. By analogy to the instant case, Browne stood in the shoes of the appellee Keenan. The real estate mortgage was foreclosed, as in this case. Browne (Keenan) was not a party to the foreclosure. Haltom, the landlord, and Willis, the tenant, were made parties to such foreclosure. The mortgage provided for the appointment of a receiver. The decree, by its terms, appointed a receiver to take possession of the premises and collect rents.

In the foreclosure proceedings involved in the instant case, the landlord and the tenant both appeared and filed answers resisting the mortgagee's claim for the appointment of a receiver, and setting up the existing lease between the landlord Jordan and the tenant Taylor. The court held that the mortgage was superior to any claims of the landlord Jordan and the tenant Taylor, and, as in the *Browne* case, the decree in effect evicted the tenant. In the cited case, as in the instant case, the receiver

leased the premises to the same tenant. We held that the mortgagee had an adjudication as against the tenant of the owner in the decree of foreclosure. This is also true in the instant case. In the *Browne* case we said:

"The leasing contract was executory. The sole consideration moving to Willis as lessee was the executory undertaking of the lessor that he would maintain the lessee's right of possession of the premises during the period of the lease. If Haltom had sought recovery upon the lease, he would have had to show performance of his undertaking in that respect. True, he would be entitled to some initial presumption in the first instance. But if it were made to appear, as against him, that he had failed to maintain the right of possession in his tenant, and that the tenant had been evicted, it would be a complete defense as against him. It would be no less a defense as against his assignee. The assignment of the lease by Haltom did not terminate his obligation to perform its covenants, both expressed and implied. His assignee took with knowledge that a failure of his assignor to perform such covenants would amount to a failure of consideration, and would destroy the right of recovery against the tenant. He was, therefore, bound to see that such covenants were performed, either by Haltom or by himself in Haltom's behalf. *Todd v. State Bank of Edgewood,* 182 Iowa 276. But the tenant was not required to look further than to his own landlord for the performance of such covenants. The decree against Willis and against Haltom worked a legal eviction. It is no answer to say that Browne was not a party to the decree. Willis and Haltom were parties. The mortgagee Stewart, as plaintiff, served as defendants all parties who appeared to have any interest in the premises, either upon the public records or by possession of the property. He does not appear to have had either actual or constructive notice of the right of Browne. He was not bound to discover him as a condition to the assertion of his claim against Willis and against Haltom. Having thereby accomplished an eviction of both the tenant and his landlord, it was immaterial to whom the receiver should thereafter rent the land for the season of 1923. If he had rented to a stranger, this plaintiff could not have recovered rent from him, nor could he have regained from him the possession which had been taken away from Willis and Haltom. The receiver did rent the premises to Willis.

This was considerate to Willis; but it involved him in new relations; and put him under new obligations. It did not enlarge the rights of this plaintiff; nor did it restore to him the rights that he had lost. These questions are decisive of the case. Granted that the adjudication pleaded was not binding upon Browne in a conclusive sense, it was enough that it be binding upon Willis and Haltom; in order to constitute an eviction. Granted that the plaintiff, under the lease, had a potential lien upon the crops to be grown during the season, and that the mortgagee had none, prior to default and foreclosure, yet such lien could not survive a dead cause of action on the lease."

In the instant case, the mortgagee in the foreclosure proceedings had no notice or knowledge of the appellee's chattel mortgage upon the rentals, to accrue under the lease which Jordan had given to Taylor. He made Jordan and Taylor parties defendant in the foreclosure proceedings, and, as before stated, they pleaded the existing lease between them, and in that action it was adjudicated that the appellee's rights to the rents and profits of said land under the receivership were senior and superior to the rights of either Jordan or Taylor under their lease. This was, in effect, an eviction of Taylor. By said decree Jordan was adjudicated to have no rights in said premises under his lease with Taylor. It was also adjudicated that Taylor had no rights under his lease with Jordan. There was, therefore, a total failure of the subject-matter of the chattel mortgage held by appellee Keenan,—namely, Jordan's share of rentals. There was nothing upon which it could operate. There had been an adjudication as against both Taylor and Jordan that neither of said parties had any rights under said lease, as against the mortgagee.

This being true, other questions argued by appellant do not demand our consideration. The decree of the district court was erroneous. The property in the hands of the receiver, under the facts in this case, was not subject to the appellee's chattel mortgage. The liability of Taylor as a tenant under two leases is not involved. He has paid his rent by producing the landlord's share of the crop, and that share is in the custody of the court. That rental belongs to the receiver. The subject-matter of ap-

pellee's claim,—to wit, the rental,—has failed.   The decree of the district court must be, and it is,—*Reversed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.