FRED F. HOOGESTRAAT, Appellant, v. JOE DANNER et al., Appellees.

No. 39763.

JANUARY 21, 1930.

*Douglas Rogers,* for appellant.

*E. A. Wissler,* for Joe Danner, appellee.

*F. H. Cooney,* for Henry Terlisner, receiver, appellee.

DE GRAFF, J.—On November 23, 1926, and for some time prior thereto, one John F. Hoogestraat was seized in fee simple of a certain parcel of Carroll County, Iowa, real estate, which was subject to a recorded mortgage of $19,000, owned by Andrew Fischer, former owner of said land. Hoogestraat (Weibers's grantee) and Weibers (Fischer's grantee) were assumptors of said mortgage. There is a provision in the mortgage pledging "the rents and profits of said premises and crops grown or growing thereon until the notes hereby secured are paid in full, as well before as after sale on execution." On the date above mentioned, November 23, 1926, the title holder, John F. Hoogestraat, in writing leased the land under cultivation to Joe Danner (appellee herein) on a crop-share basis, together with $9.00 per acre cash for all hay and pasture land, and the sum of $150 (evidenced by Danner's promissory note) for rent of the house and farmyard. The tenure of the lease was from the 1st day of March, 1927, to the first day of March, 1928. Danner took possession of the land under said lease about March 1, 1927, and continued in possession thereof under the original lease until an arrangement and new contract were made

by Danner with the receiver, whereby he continued farming operations to the end of the tenure and terms as specified in the original lease.

On March 24, 1927, John F. Hoogestraat assigned in writing said lease, and indorsed said rent note of $150, without recourse, to his brother, Fred F. Hoogestraat, plaintiff in this action. Fred knew nothing of this assignment of the lease until he received it through the mail. The defendant Danner herein and the receiver alleged in their respective answers to the petition of the assignee that the said assignment was fraudulent, and was without consideration. The trial court was justified, under the evidence, in finding these averments to be true.

On April 5, 1927, the mortgage holder, Fischer, without actual or constructive notice of the claim of the assignee, Fred F. Hoogestraat, commenced an action to foreclose the mortgage in question, and prayed for the appointment of a receiver. In this foreclosure action, Weibers (Fischer's assuming grantee), John F. Hoogestraat (then title holder and assumptor of the mortgage), and Danner (tenant) were made parties defendant.

The title holder, Hoogestraat, as defendant in the foreclosure action, did not in any manner make known to any party in interest the fact of his assignment of the lease to his brother Fred, nor did he at any time or in any manner seek to protect his tenant, Danner, in the undisturbed possession of the premises, upon the commencement of said action, or after the receiver was appointed. This was also a pleaded matter in the answer filed.

On June 2, 1927, a decree was entered on the default of all the defendants, resulting in a personal judgment on the promissory note against Weibers and John F. Hoogestraat for $20,288.91, with costs, abstract fees, and attorney's fees, and the foreclosure of the mortgage. The decree further ordered and adjudged:

"And it is determined by the evidence that said real estate is not of such value to pay plaintiff's said debt in full, and that the said defendants Weibers and Hoogestraat are insolvent. And it is therefore ordered that Henry Terlisner be, and he is hereby, appointed receiver to take charge of said premises and to collect the rents and profits therefrom, from the time of the commencement of this action to the end of the period of re-

demption under sheriff's sale, and to apply the same, after paying the expenses of said receivership, to the extinguishment of plaintiff's said debt.''

There was no appeal from this decree, and it was a verity when the instant action was commenced.

The plaintiff herein (assignee) had notice, prior to the commencement of the foreclosure action, of the recitals of said mortgage, and also knew that the foreclosure action was about to be commenced, and a few days later, knew that it had been commenced. The landlord's assignee (plaintiff herein) did not seek by petition of intervention to have his rights protected or adjudicated in the foreclosure action, although he was fully cognizant of the foreclosure action and the relief therein prayed. Under the agreement between the tenant, Danner, and the receiver, Danner did, as approved by the court, as the tenant of the receiver, remain in possession of the land, harvested the crops, and did turn over to the receiver, under said agreement, all the rental representing the landlord's share on said land, the sum of $691.70, which included the value of the oats, corn, cash rent, and the rent note. Both Danner and the receiver viewed the decree entered in the foreclosure action as an eviction of Danner, as tenant, and, immediately prior to the new contract of lease, Danner was looking for another farm to rent, and would have left the premises in question, were it not for the new arrangement and contract with the receiver, authorized under the terms of the decree in foreclosure.

In the first instance, the assignee commenced his action against the tenant, Danner, only. The receiver appointed by the court in the foreclosure action was brought in by Danner by cross-petition. The receiver, Terlisner, pleaded in his answer that he was holding the rent money ''subject to the order of the court in said foreclosure action,'' and also pleaded, as receiver, that he was entitled to the rent. With these record facts as the basis to determine the issue involved, did the trial court correctly rule the case? Who is entitled to the rent now in the possession of the receiver? The receiver is but an officer of the court. He cannot keep it. He stood ready to file his report when the instant action was commenced. The question presented is in the nature of an accounting in the receivership proceedings, and is not material in a law action of this character.

In passing, it may be stated that the issues arising by virtue of the defensive matter alleged in the answers of both the defendant Danner and the interpleaded receiver were determined by the trial court, who acted, under stipulation of the parties, as the jury in this cause. It follows, therefore, that, unless the trial court erred in the application of the law to the facts, the judgment entered must be affirmed. We are but incidentally concerned with the well settled rule in this state that a clause in a mortgage pledging rents and profits and providing for a receiver creates no lien upon the rents and profits until the commencement of an action to foreclose, coupled with a prayer for the appointment of a receiver. See *Young v. Stewart*, 201 Iowa 301; *Rodgers v. Oliver*, 200 Iowa 869; *Hakes v. North*, 199 Iowa 995; *Hatcher v. Forbes*, 202 Iowa 64.

It may be pointed out that the written assignment by John Hoogestraat to his brother Fred was not acknowledged, and consequently was not eligible for record. It may also be said that the court was fully justified in finding, under the evidence, that the written lease, although recorded, did not constitute constructive notice to anyone. The jurat was impeached. The mortgagee, Fischer, therefore, when he commenced his foreclosure action, had no reason to make the assignee of the lease a party to the foreclosure suit. There is no claim that the mortgagee ever heard of the assignee in question. The assignee, from the beginning, had actual knowledge of every step taken by the mortgagee in the foreclosure action. The receiver had no knowledge of the claim of the assignee until August, 1927, long after the new contract of lease was entered into between the receiver and Danner. Danner testified that, the first time he saw Fred Hoogestraat after he (Danner) moved onto the farm, was at threshing time (1928). "He did not tell me that he had an assignment of the lease and that he wanted me to pay the rent to him until threshing time, sometime in August." Danner acted in absolute good faith, and was assured by the receiver, after he entered into the new arrangement, that he would be protected in the payment of the rent to the receiver. The receiver acted under the authority given him by the decree of foreclosure. It is clear that Danner treated the decree of foreclosure as an eviction; and we hold, under the facts, that, whether the decree is viewed as a constructive or an actual

eviction, it was an eviction. Danner would not have remained in occupancy of the premises, and could not, except for the new contract which he entered into with the receiver. In *Keenan v. Jordan*, 204 Iowa 1338, it is held, on the issue in a real estate mortgage foreclosure, wherein the title holder and his tenant were parties to the action involving an outstanding lease between the title holder and his tenant, that an unappealed decree that orders the appointment of a receiver works an eviction of said tenant and the consequent nullification of a chattel mortgage by a landlord on his share of the crop rent under said lease, it appearing that the real estate mortgagee had no notice or knowledge of such chattel mortgage until after the entry of decree of foreclosure. It must be said in the instant case that the rights of the assignee arise no higher than the rights of the assignor. In *King v. Good*, 205 Iowa 1203, we also have presented parties in the case quite similar to the case at bar. However, in that action the assignee intervened in the foreclosure proceeding, as was his duty. It is said, basing the opinion on *Browne v. Willis*, 199 Iowa 453, and *Keenan v. Jordan*, 204 Iowa 1338, that, where a dispute arises over the right to the rents and profits between a receiver in the mortgage foreclosure, on the one hand, and an assignee of the landlord, on the other, the former will prevail, under the circumstances there involved.

"Those controlling features were: First, that Browne, the assignee of the rents, did not intervene in the foreclosure suit, but brought an independent action against the tenant, Willis, to recover under the lease."

This is exactly what happened when the assignee Hoogestraat, in the instant case, commenced his independent action, and did not see fit to intervene in the foreclosure suit. Continuing the quotation:

"Second, the matter was fully adjudicated in favor of the receiver, as against the landlord and tenant in the receivership proceedings, before the real estate mortgagee, who was the plaintiff in the foreclosure suit, knew of the assignee's interest."

. This is exactly the fact in the instant case. It was either the duty of the defendant title holder to protect his tenant in peaceable possession (which was one of the pleaded defenses),

or for the assignee to make that fact known to the mortgagee, either by acquainting him with his interest in the premises or by filing a petition of intervention in the foreclosure suit. It is further said in the *King* case, supra:

"And third, due to the foregoing, the assignee, who did not come into the original controversy, but afterwards instituted an independent and collateral suit, was thereby precluded, because of the former judgment in the case, from interfering with the first decision of the court through such secondary proceeding."

The plaintiff-assignee here is subject to the same criticism. He did commence an independent and collateral suit. In conclusion, and by way of further quotation in the above-entitled cause, it is said:

"Remedy in such event, if any there was, would have been in an appeal by a proper party from the first judgment, or the intervention of the assignee of the rent in the receivership proceeding to modify or alter that decree while the court still had jurisdiction thereof and power to change its previous rulings, and could, therefore, have compelled the receiver to make accounting according to the equities of all concerned."

These cases are controlling here. We discover no reason for the disturbance of the finding and the decree entered in the cause now before us. The facts, so far as they were in dispute, were determined by the trial court, sitting as a jury, and there is no error in the conclusions based on the law of this case. The trial court properly dismissed the petition of plaintiff, and the judgment entered is, therefore, affirmed.—*Affirmed.*

MORLING, C. J., and EVANS, ALBERT, KINDIG, and WAGNER, JJ., concur.