HARRY MILLER, Appellant, v. ANDREW LAING et al., Appellees.

No. 40743.

438

May 5, 1931.

Park Chamberlain and Clifford B. Paul, for appellant.

C. O. Boling and Donnelly, Lynch, Anderson & Lynch, for appellees.

STEVENS, J.—This is an action upon two promissory notes bearing date September 21, 1928, and executed by Andrew and Grace Laing to James A. Miller. Contemporaneously with the execution of the notes, the payee and the makers entered into a written lease by the terms of which the Laings leased from Miller a farm in Cedar County for the term of one year commencing March 1st, 1929, and ending March 1st, 1930, at the annual rental of $1500. The notes in suit, which are for $750.00 each, were executed in pursuance of the provisions of the lease. Prior to the execution of the aforesaid notes and lease, E. H. and Anna Sederquist, who were the owners of the leased premises, executed a mortgage to Frank Fowlie upon said premises to secure the payment of an indebtedness of $34,000. The mortgagor subsequently conveyed the mortgaged premises to John C. Miller who, in turn, conveyed the same to James A. Miller, the lessee above referred to. In the deed from John C. to James A. Miller, the grantee assumed and agreed to pay the mortgage indebtedness. The lessees, who are the appellees herein, entered into possession of the premises under the lease

on or before March 1st, 1929. Default having occurred in the payment of the interest on the $34,000 mortgage indebtedness, the mortgagee on March 4th, 1929, commenced an action to foreclose the same in which the appointment of a receiver was asked. On or about February 21st, 1929, James A. Miller, by a separate instrument in writing, assigned the lease which he held with appellees to Harry Miller, Appellant, and, on the same date, transferred the two notes in suit to him by endorsement without recourse. The assignment of the lease was neither acknowledged nor recorded. James A. Miller, the makers of the notes and Andrew Laing were made parties defendant in the foreclosure action. Neither Grace Laing nor Harry Miller was made a party thereto or appeared therein. The mortgage executed to Fowlie contained a provision for the appointment of a receiver and authorized him to rent the premises and collect the rents and profits for the benefit of the mortgagee, his heirs or assigns. The decree entered in the foreclosure proceeding found that James A. Miller, the lessor in the deed conveying the premises to him, assumed and agreed to pay the mortgage indebtedness; that a receiver should be appointed; and that the rights of the receiver to the possession of the premises were senior and prior to the rights of either James A. Miller, as lessor, or Andrew Laing as lessee.

The action before us, as stated, is by Henry Miller, holder of the two rent notes, to recover judgment thereon against Andrew and Grace Laing. The answer of appellees to the petition and amendment thereto, set up the fact of the mortgage to Fowlie, the foreclosure thereof, the appointment of a receiver to take possession of the premises and collect the rent therefrom; that the receiver did take charge thereof and leased the same to appellees. They further allege that the decree ordered the proceeds of the rent to be applied as follows:

"1st: to the expenses of the receivership.

"2nd: to the payment of taxes upon the mortgaged premises and upon the necessary expenses of repairs and upkeep, and

"3rd: upon the judgment rendered in said cause in favor of the said Frank Fowlie."

They further allege that the rent has been paid to the receiver. The answer does not in specific terms allege a failure

of consideration for the notes, but it does, as stated, allege the foregoing facts from which a failure of consideration is a necessary deduction.

The decree in the foreclosure action in specific terms established the prior rights of the mortgagee and adjudicated all of the rights of James A. Miller, who did not, however, appear or defend against him. So far as the record shows, the mortgagee had no notice or knowledge of the assignment of the lease at the time the action was commenced by him to foreclose the mortgage nor at any other time during the progress of the litigation. Appellant did not intervene in the foreclosure action.

Appellant makes no claim that he is the holder in due course under the provisions of the uniform negotiable instrument law, nor could he maintain such claim, if made. Browne v. Willis, 199 Iowa 453. His position is that of a mere assignee and is subject to any defense that might have been urged in an action if it had been brought by his assignor. Browne v. Willis, supra. The effect of the decree in the foreclosure action was to evict Andrew Laing. Grace Laing, not having been made a party to the foreclosure action, could not have been removed from possession under the decree entered in that action. The adjudication was not binding upon her. It is urged that as she was not made a party to the foreclosure action, she may not set up the decree and judgment therein as a defense to the notes in suit. The only right to the possession that she could have possibly asserted was under her lease with James A. Miller. Miller could not, after the decree in the foreclosure action, have either placed Grace Laing in possession of the premises nor have protected her in the possession thereof. James A. Miller could not have maintained an action on the notes against Grace Laing and, for the same reason, the appellant may not do so. There was a total failure of consideration for the notes. Ransier v. Worrell, 211 Iowa 606; Todd v. Bank, 182 Iowa 276; Keenan v. Jordan, 204 Iowa 1338. This was in effect adjudicated in the foreclosure action to which appellant's assignor was a party. It is immaterial that Grace Laing was not made a party defendant in that action. She was entitled to set up the adjudication therein against her lessor for the purpose of pleading failure of consideration. The answer might well have been more specific but it did recite the material facts touching the ad-

judication against James A. Miller in the foreclosure action and the mere statement of the legal conclusion that there was a failure of consideration would have added nothing of a substantial nature thereto.

 Furthermore it should not be overlooked that appellees are husband and wife and that the effect of the eviction of the husband would operate quite as effectually in a practical, if not a legal, sense, in the eviction of the wife. In any event, the receiver could have maintained an action against the wife for possession. She was not compelled to await such action. She had a right to waive her day in court and acquiesce in the decree. This she did. The judgment should be and it is—Affirmed.

EVANS, WAGNER, MORLING, and KINDIG, JJ., concur.

ALBERT and GRIMM, JJ., dissent.