HARRY MILLER, Appellant, v. HARRY SIEVERS, Appellee.

No. 40853.

OCTOBER 20, 1931.

Park Chamberlain and Clifford B. Paul, for appellant.

Dwight Krumboltz, and Donnelly, Lynch, Anderson & Lynch, for appellee.

DE GRAFF, J.—The primary legal question involved on this appeal is whether the plaintiff-assignee of rentals on a certain tract of Cedar County, Iowa, land is entitled to said rentals. The trial Judge in the instant case stated in his finding and judgment that "the plaintiff's remedy, if any he has, is by intervention in the receivership proceeding," and dismissed the plaintiff's petition.

The chronology of this case may be briefly stated as follows: On the first day of March 1920 James A. Miller (not a party to this action) was the legal titleholder of the land in question and on said date there was filed for record a mortgage on his land in the sum of $38,840 with interest thereon at 8% from March 1, 1920. Harry Miller, the plaintiff herein, is the cousin of the said James A. Miller. It appears that on or about the 23d day of January 1922 an extension agreement was entered into between the mortgagor, James A. Miller, and the mortgagee. The mortgage contained an acceleration clause to the effect that if default be made in the payment of any of said principal or interest or if any taxes or assessments on said premises remained unpaid for ten days after they became delinquent, or in default of any of the covenants herein contained, then the whole indebtedness secured hereby shall become due and collectable without notice, at the election of the holder thereof. The interest on the notes secured by said mortgage was payable annually, and if not so paid, it became new principal bearing interest at the rate of 8% per annum. It is also provided in said mortgage that the rents and profits of the mortgaged real estate "are pledged as security for the indebtedness due the mortgagee," and a further provision is made that immediately upon the filing of the petition for the foreclosure thereof, a receiver might be appointed to take charge of said property and to collect the rents and profits thereof and apply same upon

the mortgage debt. The petition of foreclosure was commenced March 8, 1929, against James A. Miller and his wife Carrie and the defendant Harry A. Sievers, who then was the tenant of James A. Miller, the mortgagor and titleholder. The decree of foreclosure expressly found "that the defendants have been duly, legally, and personally served with sufficient notice as provided by law." It was further adjudged by the court that said defendants were declared to be in default for want of appearance and answer; that the notes and mortgage sued upon are genuine, due and unpaid; that there is now due and owing upon the notes in suit the sum of $38,874 together with interest at 8%, and further the sum of $453.90 taxes together with the cost of procuring a new abstract as the prior abstract had been lost by the mortgagor James A. Miller. The judgment and decree entered June 12, 1929, was *in rem* and no personal judgment was entered against James A. Miller and his wife Carrie. It was further adjudged in said decree that the mortgagee (plaintiff in foreclosure action) was entitled to the appointment of a receiver for the said mortgaged premises and for the reason that the parties liable on the mortgage debt are insolvent, nonresidents of the state; that the value of the mortgaged premises is insufficient to satisfy the indebtedness due the mortgagee; and that no homestead right exists in the real estate in question. It was conceded that the amount of the judgment and costs entered in said foreclosure action was $41,389.49 and that the premises sold on special execution sale for the sum of $29,000. It was further conceded that the deficiency judgment entered in said cause is still unpaid and said deficiency judgment is in excess of $11,000. Altho the plaintiff Harry Miller upon the trial of the case at bar objected to the introduction of the decree in the foreclosure suit as incompetent, irrelevant, immaterial and foreign to any issue in this case and not binding upon said Harry Miller, there was no appeal taken from the decree and furthermore, the instant plaintiff Harry Miller filed no petition of intervention in the receivership matter at any time.

The plaintiff Harry Miller in the instant action seeks judgment against Harry Sievers on the $720 promissory rent note for the year beginning March 1, 1929, which was executed by the defendant Harry Sievers to James A. Miller, and which represented one half of the annual rental for the year in ques-

tion. Briefly stated, the instant plaintiff's claim is as assignee of the lease and rent note executed by the defendant Sievers to James A. Miller the then titleholder. It will be remembered that the District Court of Iowa in and for Cedar County adjudicated that the holder of the mortgage had a lien on the rents and profits to secure the payment of the mortgage indebtedness, and that a receiver was appointed by said court to take charge of the farm, rent the same, collect the rents and apply them toward the payment of the mortgage indebtedness. The receiver was adjudicated to have the right of possession and the defendant Harry Sievers upon the request of the receiver entered into a new lease with said receiver upon same terms, including the same yearly rental payable in two installments. The defendant Sievers has paid the receiver the annual rental due for the year beginning March 1, 1929, and the receiver now holds the same subject to the outcome of this appeal. It must be borne in mind that the order appointing the receiver required him to pay the expenses of the receivership, the taxes on the land, the necessary repairs on the property, and the surplus of said rents to be applied upon the judgment entered in the foreclosure suit. In the instant action a jury was waived and the cause was tried to the court resulting in a dismissal of the plaintiff's petition. The primary cause of the dismissal by the court was that the plaintiff's remedy, if any, was by intervention in the receivership proceedings. Incidentally, it may be stated that the plaintiff Harry Miller knew as early as March 1929 that a foreclosure suit had been started and that a receiver had been prayed for in said suit. The plaintiff did not intervene or assert any rights in the receivership. It may be further stated that the assignment of the lease and rental by James A. Miller to Harry Miller was not placed of record, and the plaintiff mortgagee in the foreclosure action had no knowledge, either actual or constructive, of the now claimed interest of the plaintiff Harry Miller.

There can be no question under our decisions that the decree of foreclosure was in legal effect a constructive eviction of the then titleholder and landlord, James A. Miller. See, Browne v. Willis, 199 Iowa 453; Keenan v. Jordan, 204 Iowa 1338; King v. Good, 205 Iowa 1203; Hoogestraat v. Danner, 209 Iowa 672.

Under the record evidence on this appeal, the plaintiff-

assignee, Harry Miller, stands in no better position than his assignor James A. Miller. It having been adjudicated that he had no claim to the rents, and the tenant having been legally evicted, consequently the consideration for the assignment contract in suit to plaintiff failed. This is the determinative proposition in the instant case. The decree of the trial court, therefore, is affirmed.

FAVILLE, C. J., and STEVENS, ALBERT and WAGNER, JJ., concur.