EQUITABLE LIFE INSURANCE COMPANY OF IOWA, Appellee, v. JOHN W. LEAVEN et al., Appellees; W. E. BAIN et al., Appellants.

No. 41264.

MARCH 15, 1932.

R. J. O'Brien and A. C. McGill, for appellee, Equitable Life Ins. Co.

Roy A. Cook, for appellants.

STEVENS, J.—The mortgage sought to be foreclosed was executed March 7, 1924, by the appellees John W. and Mayme Leaven, husband and wife, to the appellee Equitable Life Insurance Co., to secure the payment of a promissory note for the sum of $15,000. The petition was filed January 27th, 1931. It is alleged therein that the rents, issues and profits from the real estate are pledged to the mortgagee as security for the debt and also that the mortgage provides for the appointment of a receiver upon the commencement of an action to foreclose the same. Decree of foreclosure, in which a receiver was appointed, was entered February 13, 1931. On March 31st, the receiver leased the premises to John Leaven, the mortgagor, for the year 1931.

Prior to the above dates and on October 16, 1930, John W. and Mayme Leaven, the mortgagors, conveyed the mortgaged premises to three trustees of the First National Bank of Independence, Iowa. On that date, a lease of the premises for the year 1931 was made by the aforesaid trustees to the mortgagors. Subsequently and on October 22, 1930, the trustees sold and assigned the said lease and the rent notes executed to them by

the lessee herein to B. F. Clarke, intervener herein. Clarke was not made a party to the foreclosure proceedings, but on March 31st, he appeared in the action and, without leave, filed a petition in intervention.

The foregoing matters and transactions between the mortgagor, the trustees and the intervener are fully set out in the petition of intervention. The prayer asked that the receiver be required and directed to deliver the rent paid to him by the tenant to the intervener and for such further relief as equity and good conscience would justify. No other relief was asked. As the result of a mutual arrangement between the parties, a hearing was had upon the petition of intervention. The testimony taken at this hearing tended to sustain the allegations of the petition of intervention as to the transactions referred to. Intervener's claim to the fund in the possession of the receiver was based wholly upon the facts disclosed. The court, on the day of the hearing, dismissed the petition in intervention and it is from this ruling that this appeal is prosecuted.

It appears from the record that the appellee insurance company knew nothing of the claim asserted by the intervener, nor did intervener have notice of the foreclosure proceedings until March 31st, the date on which the petition in intervention was filed. A sale of the mortgaged real estate was had prior to this date. There is apparently some misconception of the prior decisions of this court in foreclosure actions in which conflicting claims were asserted to the rent of the mortgaged premises for a given year.

King v. Good, 205 Iowa 1203, is relied upon by the intervener, and Browne v. Willis, 199 Iowa 453, and similar cases, are relied upon by the receiver. The doctrine of these cases is not in any way in conflict. Regard must be had to the peculiar issues and facts in the respective cases. The distinction between Browne v. Willis, supra, and King v. Good, supra, is fundamental. The former was an action in equity by an alleged landlord against the tenant to recover upon notes executed by Willis for the rent of a particular year. Browne was not a party to the foreclosure action, which was commenced and prosecuted to judgment and decree before action upon the notes was instituted. The right of the plaintiff to the appointment of a receiver for the purpose of leasing and collecting the rents of the

mortgaged premises for the year allowed for redemption was fully adjudicated in the foreclosure action. The receiver appointed therein informed Willis that he would be removed from the premises if he did not enter into a new lease with him. A new lease was accordingly executed and the right of the receiver to the rent was rested upon the terms of this lease. The trial was had upon the issues joined between the plaintiff and the receiver, who was interpleaded in the action. As stated by the court in the course of the opinion, there was a constructive eviction of Willis from the premises. He signed the lease with the receiver for the purpose of avoiding an actual eviction. Browne had failed to maintain Willis, his tenant, in possession of the premises. There was, therefore, a failure of consideration for the notes held by him. Browne was bound by the adjudication in the foreclosure action so far as the receiver was concerned. Browne v. Willis, supra, has been followed in Keenan v. Jordan, 204 Iowa 1338; Hoogestraat v. Danner, 209 Iowa 672; Hakes v. North, 199 Iowa 995; Miller v. Sievers, 213 Iowa 45, and in other cases.

The facts involved in King v. Good, supra, bear some similarity to the facts of the present controversy. The intervener in that case appeared and filed a petition in intervention after judgment had been entered and a receiver had been appointed in the foreclosure action. The decree in King v. Good, supra, was entered in the fall of 1924. The record disclosed no evidence of an eviction for that year or that any new lease had been entered into by the tenant with the receiver. If proof of a constructive eviction had been made, a different result might, under the facts of that case, possibly have been reached. The holding in King v. Good is obviously sound, and in harmony with the record upon which it is based.

Both Browne v. Willis and other like cases and King v. Good are readily distinguished from a number of decisions of this court in which the right to the appointment of a receiver and to the collection of the rent for a given year have been denied and a prior right established. In each of such cases, as an examination thereof will disclose, the adverse claimant to the rent was a party to the foreclosure action either upon notice or by intervention, and the issue as to the priority of rights was adjudicated in the main foreclosure action with all parties be-

fore the court. There was not in any of this class of cases an eviction, constructive or actual, of the tenant. The citation of a few of the cases will suffice. Smith v. Cushatt, 199 Iowa 690; Keokuk Trust Co. v. Campbell, 205 Iowa 414; First Trust J. S. L. Bank v. Beall, 208 Iowa 1107; Virtue v. Teget, 209 Iowa 157; Hatcher v. Forbes, 202 Iowa 64; Hakes v. North, supra.

As stated, there was a constructive eviction of John W. Leaven, the mortgagor and lessee of intervener in this action. The receiver duly appointed therein and authorized by the court to make a new lease with the tenant thus constructively evicted from the premises is clearly entitled to retain rent paid to him. The dismissal of the petition in intervention was proper, and the judgment is affirmed.—Affirmed.

WAGNER, C. J., and FAVILLE, DE GRAFF, and ALBERT, JJ., concur.