L. A. WHITE, Plaintiff, v. J. H. PETERSON, Defendant, Appellee; CITY NATIONAL BANK of Clinton, Defendant, Appellant.

No. 43333.

NOVEMBER 24, 1936.

Lovrien & Wilson, for appellee.

Miller & Claussen, for appellant.

DONEGAN, J.—On the 18th day of December, 1933, W. E. Thompson was the owner of the title to a farm of approximately 204 acres of land in Clay county, Iowa, subject to a mortgage

thereon in the principal sum of $5,000, which was then owned by the Brotherhood of American Yeomen. On that date Thompson rented the farm to L. A. White by written lease for the period from March 1, 1934, to March 1, 1935, for a rental of $600, $300 payable December 15, 1934, and $300 payable February 1, 1935. The rent payments were evidenced by two separate promissory notes which were referred to in the lease. The granting clause of the mortgage conveyed the rents, issues, and profits, and the mortgage further provided for the appointment of a receiver to collect the rents, issues and profits during the pendency of a suit for foreclosure and up to the time the purchaser at foreclosure would be entitled to possession. The mortgage was indexed and recorded as a real estate mortgage but was not indexed or filed as a chattel mortgage.

On January 23, 1934, approximately five weeks after the execution of the lease from Thompson to White, the two rent notes, endorsed by Thompson without recourse, were purchased for value by the City National Bank of Clinton, Iowa, from Flambeau River Lumber Company, the holder thereof, and both notes and the lease were delivered to said bank.

On or about April 1, 1934, an action was commenced to foreclose the mortgage, and Thompson and White were made defendants. The City National Bank of Clinton was not made a party defendant, and no notice of the foreclosure action was served upon it. Thompson appeared and filed an admission that he had no claim in the land superior to that of the plaintiff, and White made no appearance.

On the 10th day of August, 1934, a decree was entered in that action foreclosing the mortgage and appointing J. H. Peterson, clerk of the district court, receiver. Shortly thereafter, the receiver told White that the rents would be the same as in the lease with Thompson, but that they would have to be paid to the receiver. On the 15th day of December, 1934, the day upon which the first of the notes became due, the lessee White instituted the instant action in which J. H. Peterson, clerk of the district court of Clay county, Iowa, as receiver in the foreclosure action, and the City National Bank of Clinton, Iowa, were made defendants.

In his petition said White alleged the execution of the lease and notes, the foreclosure of the mortgage, the appointment of the receiver, the conflicting claims for the rent made by the re-

ceiver and by the bank. He offered to pay the $600 into court and asked that he be released from further liability for rent, and that the receiver and the bank be required to settle between themselves the dispute as to which of them was entitled thereto.

To this petition the defendant, City National Bank of Clinton, filed an answer and an amendment thereto. The defendant receiver also filed an answer to the petition and a reply to the answer of the bank. The Brotherhood of American Yeomen, although not a party to the action, also filed a separate answer to the petition and a separate reply to the answer of the bank. Upon the trial of the case some of the facts were stipulated and evidence was received as to others. It was also stipulated that the petition of interpleader filed by White should be sustained, that the parties would have the right to file further pleadings and briefs, and that the court could take the case under advisement and render judgment in vacation. Additional pleadings were thereafter filed by both parties, the material allegations of which will be hereafter referred to. Briefs were filed and, on the 31st day of August, 1935, the court filed his opinion and decree holding that the $600 rent fund belonged to the receiver. From this decree the defendant, City National Bank, appeals.

In his opinion the trial judge based his decision upon three separate grounds. We shall confine ourselves to a consideration of one of the grounds relied upon by the trial court. It is the contention of the receiver and of the Brotherhood that the bank is not entitled to the rent comprising the fund now in court, because such fund does not consist of the rentals payable by the tenant White under the lease made by him with the owner and mortgagor Thompson, but that such fund represents the rentals payable to the receiver under a new lease made by him with White. Thompson, the owner and landlord in the lease given by him to White, and White, the tenant, were both parties to the foreclosure action. The petition in the foreclosure action alleged "that by the terms of said real-estate mortgage, the plaintiff was granted upon the commencement of a suit of foreclosure thereon the rights to have a receiver appointed by the court for the land and to collect the rents, issues and profits thereof, during the pendency of such suit, and up to the time the purchaser of such sale shall be entitled to possession thereof and to apply the rentals upon interest, taxes and upon the principal of this mortgage." The petition also alleged that the defendants, L. A.

White and Mrs. L. A. White, were tenants in possession of the premises under a lease from the title holder. The prayer of the petition asked that a receiver be appointed immediately upon the filing of the petition; that he take possession of the premises and of the rentals thereof, and rent the premises and apply the rentals upon the taxes, interest and mortgage; that any and all rights of the defendants be decreed to be junior and inferior to the lien of plaintiff's mortgage; that the mortgage be foreclosed and special execution issue for the sale thereof; that the purchaser be placed in possession, "and that the receiver be given possession during the pendency of this suit and the redemption period." The decree of foreclosure found "that the plaintiff is entitled to foreclosure of the mortgage and to a receiver for the collection of the rentals and for renting the premises and that the plaintiff has a lien upon said rentals and income of the property, by the terms of their mortgage." It adjudged and decreed that "the Clerk of this Court, J. H. Peterson, is hereby appointed receiver to collect the rentals from the defendants, L. A. White and Mrs. L. A. White and to rent the premises and collect the rentals after the expiration of their lease and from the beginning of this suit to the end of the period of redemption." It further adjudged and decreed that "the lien of said mortgage is from the 7th day of December, 1923, and the rights of W. E. Thompson and Mrs. W. E. Thompson are hereby foreclosed and cut off including their rights of redemption of said premises, and the rights of L. A. White and Mrs. L. A. White are hereby foreclosed and cut off, save their right of occupancy until March 1, 1935, upon payment to the receiver of the rentals and they are decreed to have no other rights in the premises."

 It is the claim of the Brotherhood and of the receiver that the decree of foreclosure, in appointing the receiver and authorizing him to take possession and collect the rents, in limiting the rights of the tenant White to occupy the premises by the condition that he pay the rents to the receiver, and in cutting off all other rights of Thompson and White, fixed and adjudicated the receiver's right to the rentals comprising the fund now in court. As far as this particular phase of the appellee's argument is concerned, we think it is fully met by the contention of the appellant that, since the bank was neither a party nor privy to the foreclosure proceeding, it cannot be bound or estopped by any adjudication in the foreclosure decree. It is admitted that the

bank was not a party to the foreclosure action, and we find no basis for holding that it was in privity with any party to that action. As said in Leach v. First National Bank of Fort Dodge, 206 Iowa 265, 270, 217 N. W. 865, 868:

"Privity is said to be a mutual or successive relationship to the same rights of property, and if it is sought to bind one party as privy by an adjudication against another with whom he is in privity, it must appear that, at the time he acquired the right, or succeeded to the title, it was then affected by the adjudication; for, *if the right was acquired by him before the adjudication, then the doctrine cannot apply.*" (Italics are ours.)

█▌█ It is the contention of the Brotherhood and of the receiver, however, that, even though the bank be not barred by the adjudication, as a party or privy in the foreclosure action, it cannot recover the rent comprising the fund now in court, because such fund does not contain the rentals payable by the tenant White under the lease made with the owner Thompson, but said fund represents the rentals payable to the receiver under a new lease made by him with White. The contention of the receiver in this regard is that, by the terms of the decree, Thompson, the owner, and White, the tenant, who were both parties to the action, were deprived of all rights in connection with the lease between them, that the receiver was given the possession of the land and the right to collect all rentals from the commencement of the action to the end of the period of redemption; that the tenant White was deprived of all right to possession of the land except on condition that he pay the rentals to the receiver; that, after the decree had been entered, the receiver notified White of his appointment and told him that the rents would have to be paid to the receiver; and that White agreed to pay the rentals to the receiver and thereby entered into a new lease with the receiver. It is argued that under this decree, from which no appeal was taken, all of Thompson's rights and all of White's rights were cut off; that White was given the privilege of remaining on the land to the end of the year for which he had rented it from Thompson, but on the condition that he pay the rent to the receiver; that, because of the express provisions of the decree and the new lease made by the receiver pursuant thereto, there was a constructive eviction of the tenant White under the old lease given to him by Thompson; and that the bank, as the as-

signee of the Thompson lease, was burdened with the duty to maintain the tenant in possession, as a condition to its right to collect the rent thereunder.

In the case of Browne v. Willis, 199 Iowa 453, 455, 202 N. W. 220, 221, Willis leased certain land, on which there was a mortgage, from one Haltom, the owner thereof, and delivered to Haltom a written lease and two notes evidencing the rent thereon. The mortgage pledged the rents and profits and provided for the appointment of a receiver in case of foreclosure. Haltom sold the rent notes for a good consideration to Browne, the plaintiff. Following this, the mortgage was foreclosed by its owner, Stewart, and another person named Stewart was appointed as receiver. Immediately after his appointment the receiver demanded possession from Willis, and Willis surrendered the premises by accepting a lease from the receiver and executing new notes for the rent to accrue. Browne, the assignee of the rent notes given by Willis to Haltom, brought action thereon against Willis and made the receiver a party to such action. Stewart, the receiver, filed a cross-petition claiming right to the rents as receiver in the mortgage foreclosure. Willis paid the amount of rents as represented by the notes into court for the benefit of whichever party should be found entitled thereto, and the trial court found that the fund in court belonged to Stewart, the receiver. In the opinion, which was written by the late Mr. Justice Evans, it is said:

"That the mortgagee Stewart had a perfect adjudication as against the defendant Willis in his decree of April 5, 1923, is beyond question. The receiver, therefore, was entitled to enforce his lease and to collect the rent notes thereunder by force of such prior adjudication alone, and regardless of any question of prior liability incurred by Willis to Haltom. * * * The sole consideration moving to Willis as lessee was the executory undertaking of the lessor that he would maintain the lessee's right of possession of the premises during the period of the lease. If Haltom had sought recovery upon the lease, he would have had to show performance of his undertaking in that respect. True, he would be entitled to some initial presumption in the first instance. But if it were made to appear, as against him, that he had failed to maintain the right of possession in his tenant, and that the tenant had been evicted, it would be a complete defense as against

him. It would be no less a defense as against his assignee. The assignment of the lease by Haltom did not terminate his obligation to perform its covenants, both expressed and implied. His assignee took with knowledge that a failure of his assignor to perform such covenants would amount to a failure of consideration, and would destroy the right of recovery against the tenant. He was, therefore, bound to see that such covenants were performed, either by Haltom or by himself in Haltom's behalf. Todd v. State Bank of Edgewood, 182 Iowa 276, 165 N. W. 593, 3 A. L. R. 971. But the tenant was not required to look further than to his own landlord for the performance of such covenants. The decree against Willis and against Haltom worked a legal eviction. It is no answer to say that Browne was not a party to the decree. Willis and Haltom were parties. The mortgagee Stewart, as plaintiff, served as defendants all parties who appeared to have any interest in the premises, either upon the public records or by possession of the property. He does not appear to have had either actual or constructive notice of the right of Browne. He was not bound to discover him as a condition to the assertion of his claim against Willis and against Haltom. Having thereby accomplished an eviction of both the tenant and his landlord, it was immaterial to whom the receiver should thereafter rent the land for the season of 1923. If he had rented to a stranger, this plaintiff could not have recovered rent from him nor could he have regained from him the possession which had been taken away from Willis and Haltom. The receiver did rent the premises to Willis. This was considerate to Willis, but it involved him in new relations, and put him under new obligations. It did not enlarge the rights of this plaintiff, nor did it restore to him the rights that he had lost. These questions are decisive of the case. Granted that the adjudication pleaded was not binding upon Browne in a conclusive sense, it was enough that it be binding upon Willis and Haltom, in order to constitute an eviction. Granted that the plaintiff, under the lease, had a potential lien upon the crops to be grown during the season, and that the mortgagee had none, prior to default and foreclosure, yet such lien could not survive a dead cause of action on the lease.''

The rule laid down in the Browne case was followed in Keenan v. Jordan, 204 Iowa 1338, 1342, 217 N. W. 248, 249. In

that case, although raised by a different situation as to the pleadings, the question presented was practically identical with the question presented in the Browne case, and the similarity in the facts was set out quite fully in the opinion. Taylor, the owner and mortgagor, gave a quitclaim deed covering certain land to Jordan and Jordan gave Taylor a lease upon this land. Thereafter, and prior to the institution of the foreclosure action, Jordan gave Keenan a chattel mortgage upon his share of the rents under said lease to Taylor. In the foreclosure action, which asked for the appointment of a receiver, both Taylor and Jordan were made parties defendant. The decree foreclosed the mortgage and appointed the receiver, with orders to take possession of the real estate and collect the rents and profits. The receiver made a new lease with Taylor and proceeded to take possession of the share of grain due as rental under this lease. Thereafter, Keenan instituted action to foreclose his chattel mortgage and, upon the trial, the lower court held the chattel mortgage was superior to the rights of the holder of the real estate mortgage or of the receiver. In reversing the case, this court said:

"In the instant case, the mortgagee in the foreclosure proceedings had no notice or knowledge of the appellee's chattel mortgage upon the rentals, to accrue under the lease which Jordan had given to Taylor. He made Jordan and Taylor parties defendant in the foreclosure proceedings, and, as before stated, they pleaded the existing lease between them, and in that action it was adjudicatd that the appellee's rights to the rents and profits of said land under the receivership were senior and superior to the rights of either Jordan or Taylor under their lease. This was, in effect, an eviction of Taylor. By said decree Jordan was adjudicated to have no rights in said premises under his lease with Taylor. It was also adjudicated that Taylor had no rights under his lease with Jordan. There was, therefore, a total failure of the subject-matter of the chattel mortgage held by appellee Keenan,—namely, Jordan's share of rentals. There was nothing upon which it could operate. There had been an adjudication as against both Taylor and Jordan that neither of said parties had any rights under said lease, as against the mortgagee."

The holding of the Browne and Keenan cases, supra, has

been approved and followed in Miller v. Sievers, 213 Iowa 45, 238 N. W. 469, and in Equitable Life Ins. Co. v. Leaven et al., 214 Iowa 121, 241 N. W. 446.

We are unable to see any essential difference between the facts of the instant case and those presented by the cases above cited. It is, admitted that in the instant case the mortgagee had no knowledge of the assignment of the lease and rent notes prior to the entry of the foreclosure decree. Both the landlord, Thompson, who was the owner of the title at the time of the foreclosure, and the tenant, White, who was the lessee, were made parties to the foreclosure proceedings. No appeal was taken from the decree. The decree appointed the clerk of the court receiver "to collect the rentals from the defendants, L. A. White and Mrs. L. A. White, and to rent the premises and collect the rentals from the expiration of their lease and from the beginning of this suit to the end of the period of redemption." It established the lien of the mortgage from the date of its execution, December 7, 1923, foreclosed and cut off the rights of W. E. Thompson and Mrs. W. E. Thompson, the owner and wife; and it foreclosed and cut off the rights of L. A. White and Mrs. L. A. White, the tenants and lessees, "save their right of occupancy until March 1, 1935, upon payment to the receiver of the rentals and they are decreed to have no other rights in the premises."

Although not very skillfully stated, we think the provisions of the decree were sufficient to give to the receiver the right of possession of the mortgaged property, including the rents and profits, and to rent the premises. And, while not entirely satisfactory, we also think that the evidence as to what transpired after the entry of the decree is sufficient to show that the receiver took possession of the premises, that he demanded the rentals be paid to him, and that the tenant White agreed to pay the rentals to him. Not only does the decree by its express terms cut off White's right to occupy the premises under the lease from Thompson, but by the demand of the receiver that the rent be paid to him and White's agreement to do so, a new lease was, in effect, entered into, and there was a constructive eviction of the tenant, White, under the old lease made with Thompson. The bank as assignee of the landlord's rights under the Thompson lease, failed to maintain the lessee in possession; the rents paid into court represent the rentals due under the lease made

by the receiver with the tenant; and the receiver's right to such rentals is, therefore, superior to any right that the bank may claim as assignee of Thompson.

Considerable argument is devoted to other propositions upon which the trial court based his opinion and decree, but, as the conclusion we have reached on the proposition considered is determinative of the rights involved in this action, we deem it unnecessary to devote further discussion to the other propositions discussed by the trial court.

The decree of the trial court is affirmed.—Affirmed.

PARSONS, C. J., and ALBERT, ANDERSON, STIGER, and HAMILTON, JJ., concur.