**SUBURBAN HOME MORTGAGE CO., etc., Plaintiff-Appellee,
v HOPWOOD, et., Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4092.   Decided February 3, 1948.

Allen I. Pretzman, Columbus, for plaintiff-appellee.
Williams, Williams & Reynolds, Columbus, O. C. Ingalls,
W. A. Walter, Columbus, for defendants-appellants.

**OPINION**

By WISEMAN, PJ.

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County ordering the appellant, The Hopwood Realty, Inc., to convey to the plaintiff certain property located in the City of Bexley.

The action is one in equity to compel the reconveyance to the plaintiff of certain real estate conveyed by it to Minerva D. Hopwood in 1938 and subsequently conveyed by her to the defendant, The Hopwood Realty, Inc.

The petition alleges that the conveyance of the property by the plaintiff to Minerva D. Hopwood, defendant, was made to secure the payment of a commission to her husband, Harry L. Hopwood, defendant, for selling certain real estate belonging to the Henry Holtzman & Sons Company, defendant, and was made to Minerva D. Hopwood at his request; that prior to July 12, 1938, Harry L. Hopwood was the attorney for Suburban Home Mortgage Company, the appellee herein, and The Henry Holtzman & Sons Company; that Hopwood proposed to sell certain real estate belonging to the Henry Holtzman & Sons Company, stating that in the event he sold said property he could not collect compensation in the way of a commission since he was not a licensed real estate broker, and in order that he might have security for the payment of his commission, in the event he effected a sale, he requested the Suburban Home Mortgage Company to convey to him, or his nominee, a number of lots owned by said Company; that it was agreed between Minard Holtzman, who was President of both the Henry Holtzman & Sons Company, and also, the Suburban Home Mortgage Company, and Hopwood that in the event no sale was effected, all of such lots would be reconveyed to the Suburban Home Mortgage Company; that at the request of Hopwood these lots were conveyed by said Company to Minerva D. Hopwood; that Hopwood did not find a purchaser for the property of Henry Holtzman & Sons Company and has refused to reconvey the property to the Suburban Home Mortgage Company as agreed. The plaintiff further alleges that with the exception of lot No. 10 all of said lots were conveyed by Minerva D. Hopwood to the Hopwood Realty, Inc., on July 17, 1940, without consideration.

The defendants Minerva D. Hopwood and Harry L. Hopwood filed a joint answer in which they allege that the conveyance of the lots to Minerva D. Hopwood by the plaintiff was in partial payment of fees owed by the plaintiff to Harry L. Hopwood, for money paid out by him at plaintiff's request,

and the assumption and payment of taxes and assessments on said lots. In their second and third defenses they set up the statute of frauds and statute of limitations, and in their fourth defense set up a plea of res judicata.

The Hopwood Realty, Inc., filed an answer in which it admitted that certain lots were conveyed to it by Minerva D. Hopwood and that it is the owner and holder of said real estate and for want of knowledge denies every allegation in the petition not admitted to be true.

The record shows that lot No. 10 was sold by Minerva D. Hopwood which gave rise to a suit brought by the Suburban Home Mortgage Company against the Hopwoods being case No. 167,208 in the Common Pleas Court of Franklin County in which the Suburban Home Mortgage Company sought to recover the purchase price thereof. The Court in that action found for the plaintiff. On appeal this Court sustained the judgment of the Common Pleas Court. A motion to certify was overruled by the Supreme Court. The judgment in that case is set up by the Hopwoods in this case as res judicata, contending that there was one cause of action existing between the parties which could not be split and that the matters arising out of the transaction alleged in the petition have been completely adjudicated.

The trial court in the instant case found: First, that the defendants' demurrer to the petition upon the ground that it did not state a cause of action, and that the judgment in case No. 167,208 was res judicata of the issues in this case, should be overruled; second, that defendants' motion for judgment on the pleadings should be overruled; third, that the first defense of the defendants Minerva D. Hopwood and Harry L. Hopwood to the effect that the lots were conveyed in partial payment for services theretofore rendered by Harry L. Hopwood to the plaintiff is not supported by the evidence; fourth, that the second defense is not supported by the eviddence and this action is not barred by the Statute of Limitations. The trial court further found that an express oral trust was engrafted on the deed dated July 12, 1938, when the lots were conveyed to Minerva D. Hopwood and that the transfer of said lots by Minerva D. Hopwood to the Hopwood Realty, Inc., was without consideration, and unlawful.

The trial court ordered, adjudged and decreed that the defendant, the Hopwood Realty, Inc., convey to the plaintiff the Suburban Home Mortgage Company all of the real estate involved in this action.

The appellants, Minerva D. Hopwood and Harry L. Hopwood, and the Hopwood Realty, Inc., have assigned eleven separate grounds of error, to wit: That the trial court erred:

494

(1) In overruling the demurrer to the petition; (2) in overruling the motion for judgment on the pleadings; (3) in holding that Minerva D. Hopwood took the real estate as trustee under an oral agreement; (4) in finding that said parol trust had been established by clear and convincing evidence; (5) in finding that the judgment of the Common Pleas Court of Franklin County in case No. 167,208 is not res judicata and a bar to the prosecutioon of this case; (6) in finding that the cause of action upon which the judgment in case No. 167,208 was based is not the same cause of action as that set forth in the petition in the present action; (7) in finding that the conveyance of the real estate in question from Minerva D. Hopwood to the Hopwood Realty, Inc., was unlawful; (8) that the finding and judgment is against the weight of the evidence; (9) that the finding and judgment is contrary to law; (10) in overruling the motion for a new trial; (11) that the finding and judgment should have been in favor of the appellants.

We do not deem it necessary to discuss each and every assignment of error. We are in accord with the judgment of the trial court in its rulings on the pleadings and in overruling the motion for new trial. After a consideration of the entire record in this case this court is in accord with the judgment of the trial court in holding that an express oral trust was engrafted on the deed executed July 12, 1938, in which the Suburban Home Mortgage Company conveyed the lots to Minerva D. Hopwood. We have no difficulty in finding that by clear and convincing evidence the conveyance was made for the reasons alleged in the plaintiff's petition. The evidence presented by the plaintiff supports the allegations of the petition on this issue. It is well settled in Ohio that where an absolute conveyance of land is made by deed and there is nothing in the deed which would be inconsistent with an oral trust, a parol express trust may be engrafted upon such deed. 40 O. Jur. 166. We also hold that the evidence meets the requirement that such oral trust must be proven by clear and convincing proof as held in Merrick v Ditzler, 91 Oh St 256, 267 or "beyond a reasonable doubt" as held in Russel v Bruer, 61 Oh St 1, and that the declaration of the trust must be made prior to or contemporaneous with the execution of the deed. 40 O. Jur. 168.

The evidence does not support the several defenses interposed by the defendants. On the other hand there is ample evidence to support the claim made by the plaintiff to the effect that the deed given by the plaintiff to Minerva D. Hopwood was not supported by the consideration as alleged in defendants' answer, and that the purpose of its execution was to give security to Harry L. Hopwood in the event that he

sold the property of the Henry Holtzman & Sons Company and that if no sale was effected the property would be reconveyed. The evidence shows that no sale was effected and that according to the agreement the plaintiff is entitled to a reconveyance.

The defendants contend that the judgment in case No. 167,208 is a bar to the prosecution of this action. Before the Court can find that the judgment in the other action is res judicata it would be required to find that the issues were identical, involving the same parties, and sustained by the same evidence. 23 O. Jur. 961, 974; Leonard v Murdock, 147 Oh St 103; Vasu v Kohlers, Inc., 145 Oh St 321; Norwood v McDonald, 142 Oh St 299. The evidence in support of the plea of res judicata does not meet the test applied in the cases just cited. In the other action the plaintiff sued the Hopwoods for an accounting for the purchase price of Lot No. 10 which was sold by Minerva D. Hopwood. This sale was made prior to the time of the transfer of the lots from Minerva D. Hopwood to the Hopwood Realty, Inc., which was not and could not have been a party to that action. In the instant case, the plaintiff is seeking a reconveyance of the remaining lots. While it is true both actions arise out of the same transaction there are different parties defendant, the character of the action is different, a different remedy is sought, and the evidence introduced on the issues made in the two actions between the parties is different. Moreover, the Hopwood Realty, Inc. is not and never has been interested in Lot No. 10. If it be conceded that both actions relate to the same subject matter, which we question, a plea of res judicata cannot be supported. Leonard v Murdock, supra; Norwood v McDonald, supra.

A plea of res judicata when proven binds parties and those in privity with them. Parties in privity are those who acquire an interest in the subject matter after the beginning of the action or the rendition of the judgment; and if their title attached before that fact, they are not bound unless made parties. Vasu v Kohlers, Inc., supra. Since the deed to the Hopwood Realty, Inc., was executed before either action was commenced, no privity exists. Neither is the plaintiff precluded by election of remedies. The doctrine of election of remedies is applicable only where, at the time of election, there are available to the litigant for the assertion of a single right, two or more coexisting remedies which are repugnant to and inconsistent with each other. 15 O. Jur. 239; Norwood v McDonald, supra; Frederickson v Nye, 110 Oh St 459. In our judgment the actions are not repugnant but entirely consistent.

In case No. 167,208 the plaintiff was given judgment for an accounting as prayed for. On appeal the judgment was affirmed by this Court. In the instant case, this Court again is required to consider the evidence in that case since by stipulation of counsel the entire record in that case was submitted as part of the record in this case with the reservation as to certain matters in defense which were not considered material relating to attorney's fees. Additional testimony was presented in the trial court in the instant case supporting the claim made by the plaintiff. After a review of all the evidence in this case we are of the opinion that the judgment of the trial court was not against the manifest weight of the evidence and was not contrary to law.

The defendants contend that since the transaction between the plaintiff and the defendant, Harry L. Hopwood, was illegal being in violation of the provisions of the Real Estate Brokers Act, the Court cannot accord plaintiff equitable relief but must leave the parties where it finds them. In the case of **Suburban Home Mortgage Company v Hopwood, 47 Abs 596,** this Court in affirming the judgment of the Common Pleas Court of Franklin County in case No. 167,208 held that the plaintiff in that case was entitled to recover "since the acts precluded by the Brokers Act are mala prohibita and not mala in se". We reaffirm the judgment of this Court in that case and adopt it as our judgment on this issue in this case.

The evidence shows that Minerva D. Hopwood paid taxes and assessments on said property in the amount of $492.00. The defendants contend that the plaintiff is not entitled to a decree inasmuch as there has been no tender of the sum of money paid for taxes and assessments. There was no legal obligation resting on Minerva D. Hopwood to pay the taxes and assessments. The deed to her recites that "the said premises are free and clear from all incumbrances whatsoever, except unpaid taxes and assessments". She did not assume and agree to pay the taxes and assessments. The payment of taxes and assessments by her constituted a voluntary payment. A pure volunteer who pays the debt of another is not entitled to recover from him whose debt he pays. **31 O. Jur. 213.** Neither can money paid under a mistake as to a person's legal liability be recovered. **31 O. Jur. 234; Cincinnati v Gas Light and Coke Company, 53 Oh St 278.**

The defendants further contend that since the plaintiff in its petition prays for a cancellation of the deeds the Court may not order a reconveyance. The prayer is no part of the cause of action alleged and cannot restrict the nature

of the relief which facts alleged authorize. **31 O. Jur. 627, 629.** This act is one in equity in which the plaintiff prays for general equitable relief. Under the prayer for general equitable relief, the Court may grant any relief that is consistent with the pleadings and the evidence. **16 O. Jur., 316; State, ex rel. Masters v Beamer, 109 Oh St 133; Schafer v Bank, 134 O. R. 511; Triff, Admrs. v Foundry Co., 135 Oh St 191; Coffinberry v Oil Co., 68 Oh St 488.**

The evidence shows that the Hopwood Realty, Inc., took title to these lots by transfer from Minerva D. Hopwood without consideration. The title of the Hopwood Realty, Inc. is burdened by all the infirmities which attached to the title of the Hopwoods. The Hopwood Realty, Inc., holds title to the property unlawfully. The trial court very properly decreed a reconveyance of said property.

The judgment of the trial court is affirmed in all of its particulars.

MILLER and HORNBECK, JJ, concur.

### APPLICATION FOR REHEARING

Decided March 12, 1948.

By THE COURT.

Submitted on application for rehearing. The appellants contend that an order should be made reimbursing Minerva D. Hopwood for taxes paid by her on said real estate in the amount of $492.00. This Court found that Minerva D. Hopwood held the legal title of said property in trust for the plaintiff. It is contended that a trustee is entitled to be reimbursed for expenditures made in connection with the administration of the trust, including the payment of taxes. Appellants cite: Volume 54 American Jurisprudence, Section 520, page 413; 124 A. L. R. 1416; **Mannix v Purcell, 46 Oh St 102.**

The appellants contend that the Court was in error in holding that the payment of taxes on said property by Minerva D. Hopwood was a voluntary payment. We do not deem it necessary to discuss the law in regard to this matter. After a reconsideration of this question, we are of the opinion the trustee should be reimbursed for taxes paid by her with six per cent interest from date of payment. Such an order appeals to this Court as being equitable and just and more in accord with the maxim that "he who seeks equity must do equity". Plaintiff will be granted a decree upon making such reimbursement. The former opinion is confirmed in every respect. Judgment accordingly.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.