**DEAN, Plaintiff, v. DEAN et, Defendants.**

Common Pleas Court, Fayette County.

No. 21840. Decided March 9, 1955.

Shoemaker, George & Hill, Columbus, for plaintiff.
Robins, Metcalf & Alton, Columbus, for defendants.

## OPINION

By CASE, J.

On August 4, 1954, Plaintiff filed his petition herein for an accounting and to impose a trust arising out of proceeds of sale of realty, which had been in the name of Defendants, but in which Plaintiff claimed an undivided one-half interest, and for partition of realty subsequently purchased by Defendants from said proceeds of sale of said realty.

On August 21, 1954, Defendants demurred to said petition on the ground that it failed to show a cause of action against the Defendants.

On January 4, 1955, the court overruled said demurrer and thereby held that said petition was sufficient to state a cause of action.

On January 26, 1955, Defendants filed their motion herein which reads:

"Now come the defendants and move the Court for an order requiring the plaintiff to strike from his petition, the following words, allegations and phrases:

"1. On Page 3 of the plaintiff's Petition, Paragraph 13, Sub-section (b)
"2. On Page 3 of the plaintiff's Petition, Paragraph 13, Sub-section (c)
"3. On Page 3 of the plaintiff's Petition, Paragraph 13, Sub-section (d)
"4. On Page 3 of the plaintiff's Petition, Paragraph 13, Sub-section (e)"

In support of said motion, Defendants filed the following memorandum:

"Each of the above paragraphs are mutually inconsistent, and should be stricken. In particular, Sub-section (d) of Paragraph 13, prays that the defendants be required to set up any claim they have in the real estate of which they are the Title owners. Certainly the plaintiff cannot require an owner of property to set up any claim he has in the property since the records themselves indicate that the defendants own this property. The plaintiff cannot try to impress a trust on real estate as for a Petition and ask that the real owners of the property be barred from any claim therein in the same Petition. We think all of these items should be stricken from the plaintiff's Petition."

On January 31, 1955, Plaintiff filed his memorandum contra said motion which reads:

"The objections of the defendant to the prayer of the petition are not well founded because the plaintiff cannot intelligently say that d (for example) is not well founded because the plaintiff does not know the conditions and terms of the purchase of the Fayette County property described in the petition herein.

"Certainly the plaintiff can require an owner of property which has been alleged has been purchased as a result of fraud practiced upon plaintiff by the defendants to set forth their claims, if any, they might have as a result of such practices."

It is clearly evident and undisputed that Defendants' motion is directed entirely and exclusively to Paragraph 13 of Plaintiff's petition; that said paragraph and its related subsections state only Plaintiff's concept of the legal relief desired; and that all of the statements therein contained constitute the prayer for relief to which the Plaintiff claims to be entitled. In other words, Defendants' motion is directed solely to the prayer of Plaintiff's petition.

It is a general rule in Ohio that a motion is the proper method to reach an indefinite or defective statement in a pleading, or to raise objections to the form of the allegation in a pleading. (27 **O. Jur., Motions, No. 3, page 762.**)

In **31 O. Jur., Pleading, No. 79,** beginning at **page 626,** it is stated in part as follows:

"A petition which is properly drawn should conclude with a demand or prayer for the relief to which the plaintiff claims to be entitled—a statement of the legal consequences which plaintiff believes attach to his statement of facts. * * *

"* * *

"The prayer is not part of the cause of action, or of the allegations of the petition, but merely indicates the object thereof, remedy sought, or legal consequences of the facts stated. It is a mere incident to the petition. The facts constituting the cause of action must be embodied in the pleading independent of the prayer."

and, beginning at page 629, No. 80, it is further stated in part as follows:

"The prayer does not fix the character of the action, nor determine the nature of the relief to which the plaintiff is entitled. It is the statement of facts, not the prayer, which gives character to the action as being legal or equitable in its nature. The prayer constitutes no part of the statement of facts constituting the cause of action, but merely indicates what the pleader supposes is the object of the action, or the remedy sought, or the legal consequences of the facts stated. The prayer may frequently be resorted to, in order to determine the character of the action, but cannot restrict the nature of the relief which the facts set forth in the petition authorize. The nature of the relief must be determined from the allegations of the petition; even though the pleader is mistaken in the relief which he asks, yet, if the facts stated show him to be entitled to relief, the court will give such relief as the case may require. Under a prayer for general relief, the court may decree such relief, other than that specifically prayed for, as the facts alleged in the petition and proved

on the trial may justify. Thus, the fact that the plaintiff prays only for partial relief will not prevent the court from granting entire relief. So, if the petition clearly states a case for payment of money only, the pleader cannot by his prayer therein make the case one for the interposition of a court of equity. Likewise, if a party states and proves a cause of action, but asks for relief which the law does not give, the court is not restrained by the prayer in the petition, but is authorized and required to administer such relief as the law provides for such cause of action.

"The prayer will not sustain a petition which is otherwise demurrable; nor will a change in the prayer of a petition, without change in the averment of the body of the petition, remedy a petition which has been held not to be good."

In **Norris v. Norris, 40 Abs 293, 57 N. E. 2d 254,** the Court of Appeals, 2nd District of Ohio, which is also the Court of Appeals for Fayette County, held in part as follows:

"2. The legal relief desired is to be determined by the theory adopted in pleadings, the nature of the relief sought and the proof in respect thereof, no matter what the plaintiff's concept of the legal relief desired may be.

"3. It is not necessary that an intention to create a trust relationship be expressed in terms; an acceptance by conduct by a person of the terms themselves propose that a trust relationship be set up, is all sufficient.

"4. An express trust may be created even though the parties do not understand what a trust is, and whether or not so created may be determined from all the circumstances surrounding the transactions between them."

In **Suburban Home Mortgage Co. v. Hopwood, 83 Oh Ap 115, 51 Abs 490, 38 O. O. 206, 81 N. E. 2d 387,** our Court of Appeals, 2nd District of Ohio, held in part as follows:

"8. The prayer is no part of the cause of action alleged and cannot restrict the nature of relief which facts alleged authorize.

"9. Under a prayer for general equitable relief, the court may grant any relief that is consistent with the pleadings and the evidence."

Therefore, it must be concluded and the court finds, where Defendants' motion to strike does not seek to reach and rectify any defective statement of operative facts or raise any objection to the form of such facts as alleged in Plaintiff's petition and is directed solely to the prayer of said petition, there is no statutory or case law of Ohio which warrants the granting of such motion.

The court finds upon due consideration of said motion, in the light of the authorities above cited and for the reasons hereinbefore set forth, that Defendants' motion is not well made and should be overruled.

The court further finds that counsel for Plaintiff should prepare an entry accordingly with appropriate notation therein of exceptions on behalf of Defendants and granting leave to answer by on or before April 11, 1955, and that said entry be submitted to counsel for Defendants and to this court for approval within ten days.