BISMARCK PUBLIC SCHOOL DISTRICT
NUMBER ONE OF BURLEIGH COUNTY,
North Dakota, Plaintiff and Respondent,

v.

A. L. HIRSCH, Defendant and Appellant.

No. 8215.

Supreme Court of North Dakota.

July 29, 1965.

Rehearing Denied Aug. 17, 1965.

Rausch & Chapman, Bismarck, for appellant.

William J. Daner, Bismarck, for respondent.

ERICKSTAD, Judge.

This is an appeal from a summary judgment entered October 13, 1964, pursuant to the order of the District Court of Burleigh County dated October 7, 1964. The judgment determined that the plaintiff, Bismarck Public School District Number One of Burleigh County, North Dakota, was the owner of certain wood and steel bleachers situated on a tract of land owned by the defendant, A. L. Hirsch, and was entitled to their possession.

In the complaint the school district alleged in substance that since August 26, 1963, it had been the owner of certain personal property generally described as wood and steel bleachers situated on a certain tract of land and was therefore entitled to their possession.

The defendant Hirsch in his answer denied that the school district was the owner of the bleachers and alleged that he was their owner because of their attachment to real estate under a deed of warranty dated August 1, 1963, filed August 28, 1963, in the office of the Register of Deeds of Burleigh County.

Pursuant to a motion for summary judgment made by the plaintiff, based upon the notice of motion for summary judgment, the pleadings, interrogatories and answers thereto of both the plaintiff and the defendant, and the court files and records in the case of Rose Mary Hassa v. United States Fidelity & Guaranty Company of Baltimore, Maryland, and William Kirchmeier, the district court ordered summary judgment in favor of the plaintiff school district.

It is from the judgment entered pursuant to this order that the defendant Hirsch appeals and asks for a trial de novo.

The memorandum decision of the trial court indicates that the court granted the motion for summary judgment because the order of dismissal with prejudice in the Hassa action, dated August 27, 1963, was res judicata of the issue of the ownership of the bleachers, precluding the landowner Hirsch from asserting claim of ownership in this action. The court said that Hirsch was in privity with Rose Mary Hassa and therefore bound by the order dismissing her claim with prejudice.

Whether Mr. Hirsch was in privity with Rose Mary Hassa and therefore bound by the order dismissing her complaint is the basic question in this appeal.

Our answer to that question is that Mr. Hirsch was not in privity with Rose Mary Hassa and therefore the order of dismissal with prejudice in that case was not res judicata of the issue of ownership of the bleachers between the plaintiff school district and the defendant Hirsch. Thus, the summary judgment in favor of the plaintiff school district must be set aside.

To understand this court's conclusion, it is necessary that additional information be set forth.

On June 29, 1959, Rose Mary Hassa sold approximately fifty acres of land on a contract for deed to William Kirchmeier.

When default occurred in the payment of this contract, Rose Mary Hassa initiated an action by which the contract was cancelled. The judgment cancelling the contract for deed was rendered on June 10, 1963. Rose Mary Hassa then became the sole owner of these premises. Prior to the cancellation of the contract, while Mr. Kirchmeier was in possession of the land, he erected thereon, in connection with the operation of a racetrack, the wood and steel bleachers which are the subject of this lawsuit.

On August 2, 1963, Mr. Kirchmeier gave a chattel mortgage to United States Fidelity & Guaranty Company of Baltimore, Maryland, covering the bleachers then located on the property to which the contract had been cancelled. Shortly thereafter the company commenced an action to foreclose this chattel mortgage, whereupon Rose Mary Hassa commenced an action against the company and Mr. Kirchmeier, alleging that the bleachers were permanently affixed to her land, that therefore she was the owner of the bleachers, and that she would suffer irreparable harm, damage, and injury unless the defendants were enjoined from removing the fixtures from her land. On August 23, 1963, the trial court granted Rose Mary Hassa a temporary injunction restraining the company and Mr. Kirchmeier from removing the bleachers from her land. The sheriff's return discloses that a temporary restraining order and order to show cause, notice of motion, motion for temporary restraining order and order to show cause, affidavit, and summons and complaint in an action entitled Rose Mary Hassa v. United States Fidelity & Guaranty Company of Baltimore, Maryland, and William Kirchmeier were served on August 26, 1963, upon the United States Fidelity & Guaranty Company of Baltimore, Maryland, by delivering to and leaving with Frank Albers, Commissioner of Insurance for the State of North Dakota, two true and correct copies thereof and by paying to said Frank Albers the sum of $2 in service fees; and upon William Kirchmeier by delivering to and leaving with him one true and correct copy thereof.

On August 27, 1963, the attorneys for the respective parties to that action stipulated that the court order dismissal of the action with prejudice. On the same date, pursuant to this stipulation, the district court executed an order that the action and the restraining order issued in connection therewith be dismissed with prejudice. No appeal has been taken from that order of dismissal.

In the instant case, the defendant Hirsch, in response to interrogatories propounded by the plaintiff school district, states that he acquired title to the premises to which the bleachers were affixed by warranty deed executed by Rose Mary Hassa, dated August 1, 1963, acknowledged before a notary August 22, 1963, delivered by her attorney August 26, 1963, and filed for record in the office of the Register of Deeds of Burleigh County August 28, 1963. His answers to the interrogatories also disclose that his offer to purchase the premises was made on or about July 31, 1963; that, in connection with said offer, he paid Rose Mary Hassa on July 31, 1963, the sum of $4,800 by cashier's check; and that he did not acquire any knowledge of the litigation between Rose Mary Hassa and the company and Mr. Kirchmeier until sometime in the middle of August 1963.

■ Generally, the doctrine of res judicata binds only parties to the action in which the judgment was rendered and their privies and does not affect strangers to the judgment who are neither parties nor in privity with a party to the action. Feather v. Krause, N.D., 91 N.W.2d 1; 30A Am. Jur. Judgments § 393 (1958); 50 C.J.S. Judgments § 762 (1947).

It has been held that all persons are privies to a judgment who succeed to the estate, interest, or rights of property thereby adjudicated or affected where such succession was derived through or under one or other of the

parties to the action, and accrued subsequent to the commencement of that suit or subsequent to the rendition of the judgment; and one is not a privy to a judgment where his succession to the rights of property thereby affected occurred previous to the institution of the suit.

50 C.J.S. Judgments § 788 (1947).

■ In support of the rule that one is not a privy to a judgment where his succession to the rights of property thereby affected occurred previous to the institution of the suit, see: Texas Co. v. Marlin, 109 F.2d 305 (5th Cir. 1940); White v. Peterson, 222 Iowa 720, 269 N.W. 878; Hawkeye Life Ins. Co. v. Valley-Des Moines Co., 220 Iowa 556, 260 N.W. 669, 105 A.L.R. 1018; Leach v. First Nat. Bank, 206 Iowa 265, 217 N.W. 865; Hocken v. Allstate Ins. Co., 235 Mo.App. 991, 147 S.W.2d 182; Application of Commercial Casualty Ins. Co., 257 App. Div. 536, 13 N.Y.S.2d 754, reargument denied 257 App.Div. 1080, 14 N.Y.S.2d 807, appeal denied; Tibbals v. Graham, 50 Wyo. 277, 61 P.2d 279, 62 P.2d 285, further hearing denied, 51 Wyo. 350, 66 P.2d 1048; Boulter v. Commercial Standard Ins. Co., 175 F.2d 763 (9th Cir. 1949); Mitchell v. Austin, 266 Ala. 128, 94 So.2d 391; Allstate Ins. Co. v. Warren, 125 So.2d 886 (Fla.Ct. App.1961); In re Richardson's Estate, 250 Iowa 275, 93 N.W.2d 777; Henschke v. Christian, 228 Minn. 142, 36 N.W.2d 547; Suburban Home Mortg. Co. v. Hopwood, 83 Ohio App. 115, 81 N.E.2d 387.

In Freeman on Judgments it is stated:

It is well understood, however, though not always so stated in express terms, that no one is privy to a judgment whose succession to the rights of property thereby affected, occurred previously to the institution of the suit. No alienee, grantee, assignee or mortgagee is bound or affected by a judgment or decree in a suit commenced by or against the alienor, grantor, assignor or mortgagor, subsequent to the alienation, grant, assignment or mortgage, to which he was not a party.

The critical date in determining the question of a purchaser's privity is the commencement of the suit rather than the date of the adjudication, except that this may be affected by statutes governing lis pendens. * * * No grantee or vendee can be bound by any judgment in an action commenced against his grantor or vendor subsequent to the grant or sale; otherwise a man having no interest in property could defeat the estate of the true owner. Nor will the fact that a grantee's conveyance is not recorded bind him by a judgment against his grantor, in an action commenced after the execution of the grant, unless the statute expressly gives the judgment that effect. * * *

1 Freeman, Judgments § 440 (5th ed. 1925).

The following is a discussion of the doctrine of res judicata and the meaning of privity expressed by another authority:

It is well settled that a judgment is conclusive, not only upon those who were actual parties to the litigation, but also upon all persons who are in privity with them. This is not only a doctrine of our own law but also a principle of general jurisprudence, as appears from the rule of the Roman law that "the plea of res judicata is available against him who has succeeded to the rights of ownership of the person who suffered the judgment." It is therefore important to ascertain what constitutes privity within the meaning of the decisions on this subject. * * * And in order to create this relationship, two requisites must exist. In the first place, the person who is to be thus connected with the judgment must be one who claims an interest in the subject affected through or under one of the parties. * * *

This part of the rule has been differently stated in the following terms: Wherever equity would subrogate a second plaintiff to all the rights of the first, the judgment is conclusive of every fact necessarily adjudicated against him who primarily ought to satisfy it. In the second place privies, in such sense that they are bound by the judgment, are those who acquired an interest in the subject-matter after the rendition of the judgment; if their title or interest attached before that fact, they are not bound unless made parties. * * *

II Black on Judgments § 549 (2d ed. 1902).

The Supreme Court of the United States adhered to the rule that a grantee of land is not bound by any judgment in an action commenced against his grantor subsequent to the grant. Dull v. Blackman, 169 U.S. 243, 18 S.Ct. 333, 42 L.Ed. 733.

The Supreme Court of Oregon, in considering the meaning of the word "privity" and the application of collateral estoppel in a 1963 decision had this to say:

Collateral estoppel requires identity of parties, or their privies, together with identity of one or more issues necessarily disposed of in the earlier of the two trials. Where an issue of fact, essential to the judgment, is actually litigated and determined by a valid final judgment, that determination is conclusive between the parties and their privies. Restatement, Judgments, § 68(1) (1942).

\* \* \* \* \* \*

An able jurist has said "that a man having had his day in court is collaterally estopped by the judgment rendered in the lawsuit as against his opponent. He is likewise estopped as to persons sufficiently close to that opponent to make it fair to have the estoppel run against them also. * * * Privity states no reason for including or excluding one from the estoppel of a judgment. It is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." Goodrich, Circuit Judge, concurring, in Bruszewski v. United States, 181 F.2d 419, 423 (3d Cir., 1950). * * *

The Restatement defines privity as a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties. The word "privity" includes those who control an action although not parties to it; those whose interests are represented by a party to the action; and successors in interest to those having derivative claims. Restatement, Judgments 389, § 83. * * *

Whether we use the idea expressed by Judge Goodrich that there must be sufficient proximity between the interests of the two persons to make it fair to estop one with a judgment for or against the other, or use the three-fold idea found in the Restatement, there can be no such privity between persons as to produce collateral estoppel unless the result can be defended on principles of fundamental fairness in the due-process sense. A trial in which one party contests his claim against another should be held to estop a third party only when it is realistic to say that the third party was fully protected in the first trial. * * *

Wolff v. Du Puis, 233 Or. 317, 378 P.2d 707, at 709–710.

Referring to the instant case, it is clear that Mr. Hirsch was not a party in the Hassa action. As he was not a party in that action, he is not bound by the order for

dismissal nor the judgment of dismissal based thereon unless he was in privity with Rose Mary Hassa. He was not in privity with Rose Mary Hassa unless his succession to the rights of the property affected by the Hassa order for dismissal occurred subsequent to the commencement of the Hassa action.

The record discloses that Mr. Hirsch made an offer to purchase the property and paid by cashier's check the sum of $4,800 to Rose Mary Hassa on July 31, 1963; and that the deed conveying the property to him was dated August 1, 1963, was acknowledged by Rose Mary Hassa before a notary public on August 22, 1963, and was delivered to him on August 26, 1963.

In determining whether Mr. Hirsch was in privity with Rose Mary Hassa, the date of the commencement of the Hassa action is crucial. Under our Rules of Civil Procedure a civil action is commenced by the service of a summons. Rule 3, N.D.R. Civ.P. In the instant case the defendant, United States Fidelity & Guaranty Company of Baltimore, Maryland, was a foreign corporation. Rule 4(d) (4) of our Rules of Civil Procedure relates to personal service of process upon a foreign corporation within the state.

(d) Personal service in the state. Personal service within the state shall be made as follows:

*    *    *    *    *    *

(4) Upon a domestic or foreign corporation * * * by delivering a copy of the summons to an officer, director, superintendent or managing or general agent, * * * or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. * * *

Rule 4(d), N.D.R.Civ.P.

There is no proof in the instant case that service of process was made under said rule, although the following notation and signature appear on the cover of the summons and complaint: "8–23–63—Service admitted. John A. Zuger." There is no indication for whom service is admitted or in what capacity service is admitted or under what authority service is admitted.

According to the sheriff's return, service of the summons in the Hassa action was made upon United States Fidelity & Guaranty Company of Baltimore, Maryland, by service upon the Commissioner of Insurance on August 26, 1963. As the company was a foreign corporation doing fidelity and surety business, this service was proper and resulted in the commencement of the action against said company on August 26, 1963.

6-05-31. Service on foreign corporation doing fidelity and surety business.—Service upon the commissioner of insurance as attorney for any foreign corporation doing business in this state as a fidelity or surety company shall be deemed good, valid, and sufficient service upon the corporation.

North Dakota Century Code.

Under these facts it is clear that Mr. Hirsch's succession to the rights of the property affected by the Hassa judgment for dismissal with prejudice did not occur subsequent to the commencement of the Hassa action, and thus he was not in privity with Rose Mary Hassa and cannot be bound by the Hassa judgment.

Further, it should be noted that under the circumstances presented here, it cannot be said that the result of the application of the doctrine of collateral estoppel or res judicata can be defended on principles of fundamental fairness in the due process sense; nor can it be said that Mr. Hirsch was fully protected in the Hassa action.

For the reasons stated in this opinion, the judgment of the district court is set aside.

BURKE, C. J., and KNUDSON and STRUTZ, JJ., concur.

TEIGEN, Justice (concurring specially).

I concur specially because I feel the papers submitted supporting and opposing the motion for summary judgment do not establish there is no genuine issue as to when the Hassa action was commenced and that the plaintiff was entitled to a judgment as a matter of law as required under the summary judgment procedure. This issue, being material for the reasons stated in the majority opinion, should not be foreclosed, but should be left for determination after trial in which evidence as to the question of authority to admit service may be introduced.