2012 ND 143

### RECOVERY RESOURCES, LLC, Plaintiff and Appellee,

v.

### Helen CUPIDO and David Cupido, Defendants.

### Helen Cupido, Appellant.

### No. 20120177.

Supreme Court of North Dakota.

July 12, 2012.

Daniel H. Oster, Bismarck, N.D., for plaintiff and appellee.

Justin D. Hager, Bismarck, N.D., for defendant and appellant, Helen Cupido.

MARING, Justice.

[¶ 1]  Helen Cupido appeals from the trial court's summary judgment entered in favor of Recovery Resources, LLC. We affirm, concluding summary judgment was appropriate because Helen Cupido is jointly and severally liable under N.D.C.C. §§ 14–07–08(3) and 14–07–10 for the medical debt incurred by David Cupido while he and Helen Cupido were married and living together, and the trial court did not improperly fail to dismiss Helen Cupido from the collection action based on the indemnification language in the divorce judgment.

I

[¶ 2]  Helen Cupido and David Cupido married in January 1993.  In March 2010, David Cupido incurred medical expenses at St. Alexius Medical Center.  The parties divorced in April 2011.  Under the divorce judgment, the trial court ordered David Cupido responsible for payment of the debt owed to St. Alexius Medical Center.  The divorce judgment also required Helen Cupido and David Cupido to indemnify one another from any and all collection activities, which may arise regarding debts awarded to a party.

[¶ 3]  Recovery Resources, LLC, a collection company, sued Helen and David Cupido for $9,494.61 owed to St. Alexius Medical Center for medical care provided to David Cupido while he and Helen Cupido were married and living together.  David Cupido did not answer Recovery Resources' claim and a default judgment was entered against him.  Helen Cupido answered denying liability and cross-claimed for indemnity against David Cupido.  Helen Cupido moved for summary judgment arguing she was entitled to judgment, as a matter of law, because the divorce judgment allocated the debt to David Cupido, which eliminated her liability for the debt under N.D.C.C. § 14–07–08(3).  Recovery Resources resisted and moved for summary judgment arguing it was entitled to judgment, as a matter of law, because Helen Cupido was liable for the debt under N.D.C.C. §§ 14–07–08(3) and 14–07–10.  The trial court granted summary judgment in favor of Recovery Resources.

[¶ 4]  Helen Cupido appeals, arguing the trial court erred by denying her motion for summary judgment and granting Recovery Resources' motion for summary judgment.  Helen Cupido contends the trial court erred (1) by concluding she is jointly and severally liable for the debt David Cupido incurred, and (2) by failing to dismiss her from the lawsuit based on the indemnification language in the divorce judgment.

II

[¶ 5]  This Court's standard of review of a trial court's summary judgment is well-established:

"Under N.D.R.Civ.P. 56, summary judgment is a procedural device for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party moving for summary judgment must show there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. A district court's decision on a motion for summary judgment is a question of law that we review de novo on the record. In determining whether summary judgment was appropriately granted, we view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record."

*Kost v. Kraft*, 2011 ND 69, ¶ 4, 795 N.W.2d 712 (quoting *Bragg v. Burlington Res. Oil & Gas Co.*, 2009 ND 33, ¶ 5, 763 N.W.2d 481). Both parties agree that no genuine issues of material fact exist and the only issues to be resolved are questions of law.

[¶ 6] The trial court granted summary judgment in favor of Recovery Resources concluding:

Under N.D.C.C. § 14–07–08(3), Helen and David are jointly and severally responsible for the debt for medical care incurred by David which was incurred while they were married and living together as husband and wife.

Helen Cupido argues the trial court erred, as a matter of law, by concluding she is jointly and severally liable for the debt incurred by David Cupido while they were married and living together.

[¶ 7] Sections 14–07–08(3) and 14–07–10, N.D.C.C., provide the essential elements under which a husband and wife may be held mutually liable for certain debts incurred during their marriage. Section 14–07–08(3), N.D.C.C., provides that "[t]he *husband and wife* are liable jointly and severally for any debts contracted by either, *while living together*, for *necessary* . . . medical care. . . ." (Emphasis added.) The plain language of N.D.C.C. § 14–07–08(3) requires that for a husband and wife to be jointly and severally liable, the parties were married, were living together, and the medical care was necessary at the time the debt was incurred. Further, N.D.C.C. § 14–07–10, provides:

The parties to a marriage are mutually liable to any person who in good faith supplied either party with articles necessary for their support. Such persons may recover the reasonable value from either party except in the cases when by law one party is not liable for the support of the other.

Helen Cupido admits she was married to David Cupido and they were living together at the time the medical care was rendered and the debt incurred. Further, she does not dispute or present any evidence to suggest the medical care provided to David Cupido, while they were married and living together, was not necessary. "When no pertinent evidence on an essential element is presented to the trial court in resistance to the motion for summary judgment, it is presumed that no such evidence exists." *Eckmann v. Northwestern Fed. Savings & Loan Ass'n*, 436 N.W.2d 258, 260 (N.D.1989) (citing *N.D. Public Serv. Comm'n v. Valley Farmers Bean Ass'n*, 365 N.W.2d 528, 530–31 (N.D. 1985)). Helen Cupido contends she is not liable for the debt that Recovery Resources seeks to recover because it was incurred by David Cupido, she did not sign off on the services, she did not guarantee the indebtedness, and she did not sign any other documentation that would create a

separate legal obligation against her. Helen Cupido's assertion ignores the plain language of N.D.C.C. § 14–07–08(3) that holds a husband and wife liable, jointly and severally, "for any debts *contracted by either*, while living together, for necessary ... medical care." (Emphasis added.) Recovery Resources' claim against Helen Cupido satisfies the essential statutory elements and establishes her joint and several liability for the debt to St. Alexius Medical Center.

◼ [¶ 8] Helen Cupido argues the divorce judgment awarded the debt to David Cupido and the judgment holds her harmless from David Cupido's debts and, therefore, the provisions of the divorce judgment supercede a creditor's right to recover from her under N.D.C.C. § 14–07–08(3). She relies on *Keig v. Keig*, 270 N.W.2d 558 (N.D.1978), and *Peters–Riemers v. Riemers*, 2002 ND 72, 644 N.W.2d 197, cases in which we held N.D.C.C. § 14–07–08 is not part of our divorce law, to support her argument. Helen Cupido has misinterpreted N.D.C.C. § 14–07–08(3) and has misapplied our holdings in *Keig* and *Peters–Riemers*.

[¶ 9] Our holdings in *Keig v. Keig*, 270 N.W.2d 558 (N.D.1978), and *Peters–Riemers v. Riemers*, 2002 ND 72, 644 N.W.2d 197, do not support her proposition that property distribution under N.D.C.C. § 14–05–24 is superior to a creditor's right to recover under N.D.C.C. § 14–07–08. Both of those cases were divorce actions relating to issues of property distribution, not collection actions relating to issues of creditor's rights and debt liability. *See Keig*, 270 N.W.2d at 559–60 (rejecting an invitation to interpret N.D.C.C. § 14–07–08 "to mean that all of the earnings of each spouse are to be considered wholly individual property not subject to a property division if acquired while living separately"); *Peters–Riemers*, 2002 ND 72, ¶ 22,

644 N.W.2d 197 (holding N.D.C.C. § 14–07–08 "does not affect the court's authority to divide marital property").

◼ [¶ 10] Helen Cupido contends that the equitable distribution of the property and debts of the parties in the divorce judgment and the indemnity provision legally relieved her of any liability to Recovery Resources for the debt to St. Alexius Medical Center. We have said, "[f]or purposes of both res judicata and collateral estoppel, only parties or their privies may take advantage of or be bound by a former judgment. Privity exists if a person is so identified in interest with another that he represents the same legal right." *Simpson v. Chicago Pneumatic Tool Co.*, 2005 ND 55, ¶ 8, 693 N.W.2d 612 (citations omitted). The trial court has the statutory authority to make an equitable division of the parties' debts and assets. N.D.C.C. § 14–05–24. This division determines responsibility between the parties for the debt. However, a creditor is not a party to an action for divorce and so the general rule applies that the adjudication of a fact is not res judicata as to a stranger to the action. *See Bismarck Pub. Sch. Dist. v. Hirsch*, 136 N.W.2d 449, 451 (N.D.1965). The court's division of debts in a divorce action does not affect the rights of third-party creditors. *See Community Guardian Bank v. Hamlin*, 182 Ariz. 627, 898 P.2d 1005, 1009 (Ariz.Ct.App.1995) (holding a divorce court's allocation of debts does not affect the rights of third-party creditors); *Gardner Aldrich, LLP v. Tedder*, 2011 WL 3546589 (Texas Ct.App.2011) (quoting *Blake v. Amoco Federal Credit Union*, 900 S.W.2d 108, 111 (Texas Ct.App. 1995) (holding "[i]t is well-settled law ... that divorce courts cannot disturb the rights of a creditor to collect from either of the divorcing parties on a joint obligation.")); *St. Mary of Nazareth Hospital v. Kuczaj*, 174 Ill.App.3d 268, 123 Ill.Dec.

745, 528 N.E.2d 290 (1988) (holding a hospital "is not barred from litigating the unpaid bills . . . as it was not a party to the dissolution proceedings"). Because there is no identity of parties, subject matter, or cause of action between the divorce proceeding and this proceeding, the findings in the divorce proceeding do not bar this action.

[¶ 11] In the Cupidos' divorce proceeding, the trial court entered a divorce judgment providing "an equitable distribution of the property and debts of the parties," as is required of the trial court under N.D.C.C. § 14–05–24. Recovery Resources asserted its statutory right to recovery of the debt bringing a claim under N.D.C.C. §§ 14–07–08(3) and 14–07–10. Recovery Resources satisfied the statutory elements establishing Helen Cupido liable for the debt, and she did not present to the trial court any evidence to refute that Recovery Resources is entitled to summary judgment as a matter of law.

[¶ 12] The trial court did not err in concluding, as a matter of law, Helen Cupido is jointly and severally liable for the debt incurred by David Cupido for necessary medical care while they were married and living together.

### III

[¶ 13] Helen Cupido argues the trial court erred by failing to dismiss her from the lawsuit based on the indemnification language in the divorce judgment.

[¶ 14] The divorce judgment states,

Both parties agree to indemnify the other party from any and all collection activities, which may arise regarding debts awarded to such party. This is to include the payment of costs of the litigation and attorney's fees should one party need to answer for the debt of the other party.

Helen Cupido contends the indemnification clause in the divorce judgment is determinative and requires that liability for the entire debt attach to David Cupido. Helen Cupido does not cite any authority to support that position.

[¶ 15] In granting summary judgment, the trial court concluded "Helen is entitled to indemnity for the judgment from David pursuant to the terms of the divorce judgment, including her attorney fees incurred in this action." We have concluded Helen Cupido is jointly and severally liable for the debt under N.D.C.C. §§ 14–07–08(3) and 14–07–10. The indemnification language in the divorce judgment between Helen Cupido and David Cupido does not affect Recovery Resources' statutory right to recover the debt. See N.D.C.C. §§ 14–07–08(3) and 14–07–10; see also Mountrail Bethel Home v. Lovdahl, 2006 ND 180, ¶ 14, 720 N.W.2d 630. However, Helen Cupido is not precluded from taking recourse available to her for enforcement of her judgment in this action against David Cupido or for contempt under her divorce judgment.

[¶ 16] The trial court did not err by failing to dismiss Helen Cupido from the collection action initiated by Recovery Resources based on the indemnification provision in the divorce judgment.

### IV

[¶ 17] We affirm the trial court's summary judgment in favor of Recovery Resources.

[¶ 18] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.