#26835-a-JKK

**2014 S.D. 45**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

MARY ANN WICHMAN a/k/a
MARY ANN TETHEROW and
SANDRA SHABINO n/k/a
SANDRA WICHMAN,                                        Plaintiffs and Appellants,

     v.

BRIAN SHABINO,                                        Defendant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE SUSAN M. SABERS
Judge

\* \* \* \*

PAUL W. TSCHETTER
MEGHANN M. JOYCE of
Boyce, Greenfield, Pashby & Welk, LLP
Sioux Falls, South Dakota                         Attorneys for plaintiffs
                                                  and appellants.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 28, 2014

OPINION FILED **07/09/14**

#26835

KONENKAMP, Justice

[¶1.] To purchase a home, Brian Shabino and Sandra Wichman, formerly Sandra Shabino, borrowed money from Sandra's mother, Mary Ann Wichman. When Brian and Sandra divorced, as part of the divorce decree, Brian had the responsibility of paying the remaining debt on the home. He failed to repay Mary Ann, and she brought suit for breach of contract, unjust enrichment, and enforcement of the divorce decree. The circuit court ruled that part of Mary Ann's breach of contract claim was barred by the statute of limitations and that she could not enforce the divorce decree. Mary Ann appeals.

## Background

[¶2.] During their marriage, Brian and Sandra borrowed $15,000 from Sandra's mother, Mary Ann, to use as a down payment on the purchase of their marital home. They agreed to a loan schedule, which required Brian and Sandra to make monthly payments of $200 beginning July 1, 1999, and ending June 1, 2007. In the summer of 2002, Brian and Sandra stopped making payments on the loan. At that time, the remaining balance due was $10,239.

[¶3.] On July 31, 2003, Sandra and Brian divorced. The decree of divorce apportioned to Brian the marital home as well as the remaining debt to Mary Ann.[1] Brian never paid her.

---

1. As part of the divorce decree, Brian was required to pay Sandra an equalization payment of $16,270. Brian made that payment; however, he mistakenly believed that the payment also covered the remainder of the loan to Mary Ann.

-1-

[¶4.]     In the fall of 2012, Mary Ann brought this action for breach of contract, unjust enrichment, and enforcement of Brian and Sandra's divorce decree. Mary Ann moved for summary judgment, but later withdrew it to add Sandra as a party plaintiff. Mary Ann then renewed her summary judgment motion. Brian, who appeared pro se, responded that Mary Ann's breach of contract claim was barred by the statute of limitations and that Mary Ann could not enforce the divorce decree. After briefing and arguments from counsel, the circuit court denied Mary Ann's motion for summary judgment to enforce the divorce decree. But the court granted her summary judgment on the breach of contract claim in part, allowing her to recover seven installments on the loan that would have come due within six years before the commencement of suit, plus pre-judgment interest on that amount.[2]

[¶5.]     Mary Ann appeals, asserting that the circuit court erred in (1) reconsidering, sua sponte, its initial grant of summary judgment in her favor, (2) holding that Mary Ann could not enforce the terms of the divorce decree, and (3) applying the six-year statute of limitations to this action.[3] We review these issues de novo. *See Holsti v. Kimber*, 2014 S.D. 21, ¶ 8 n.2, 845 N.W.2d 923, 927 n.2 (citations omitted).

---

2.    The claim for unjust enrichment was dismissed.

3.    Brian submitted no appellate brief in this appeal. "We will not automatically treat an appellee's failure to file a brief as a confession of error, but may do so at our discretion." *In re Guardianship of Gallop*, 453 N.W.2d 616, 617 (S.D. 1990) (citations omitted). "[F]ailure of the appellee to file a brief does not automatically translate to victory for the appellant. Appellant still has the burden of showing that the findings of fact are clearly erroneous or that the conclusions of law are incorrect." *Hawkins v. Peterson*, 474 N.W.2d 90, 92 (S.D. 1991).

### 1. Reconsidering Motion for Summary Judgment

[¶6.]     Mary Ann argues that the circuit court erred in reconsidering its initial grant of summary judgment in her favor.[4]  She contends that although Brian filed a timely response to her complaint with the circuit court, he failed to serve a copy of that response on opposing counsel within thirty days after the complaint was served on him in accordance with SDCL 15-6-5(a).  Similarly, she asserts that Brian's response did not conform to the South Dakota Rules of Civil Procedure under SDCL 15-6-8(b) ("A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies.").

[¶7.]     Mary Ann does not contend that Brian's allegedly insufficient answer unduly prejudiced her.  Nor does she suggest that the insufficiency would deprive the circuit court of jurisdiction.  She only asserts a general objection that Brian's answer was inadequate.  But the record reveals that Brian's answer adequately apprised Mary Ann of his denials to her complaint.  In response to Count 1 of Mary Ann's complaint, which sought to enforce the divorce decree, Brian stated that Mary Ann was not a party to the divorce, and therefore, could not enforce the decree.  In his responsive pleading to Count 2, the breach of contract claim, Brian stated that

---

4.     After listening to argument at the summary judgment hearing, the circuit court initially granted an order in Mary Ann's favor and requested further briefing on the issue of prejudgment interest.  Shortly after the hearing, however, the court withdrew that order and requested further briefing on whether part of Mary Ann's claim was barred by the statute of limitations. Mary Ann subsequently withdrew her motion for summary judgment and amended her complaint to include Sandra as a party.  She then renewed her motion for summary judgment.

"breach of contract laws in South Dakota have a 6 year statute of limitations." His answer then cited SDCL 15-2-13, which sets forth the statute of limitations for breach of contract claims. Further, Brian resubmitted this defense by oral argument at the summary judgment hearing. Finally, the record reveals that the circuit court gave Mary Ann adequate time to respond to Brian's answer. We find no error in the court's handling of this process.

[¶8.] Mary Ann's second alleged error is that Brian did not submit a proper motion to dismiss, based on the statute of limitations, under SDCL 15-6-7(b).[5] At a June 2013 hearing, the circuit court entertained this argument from Mary Ann, but ultimately rejected it. The court found that Brian had made an oral motion to dismiss that he not only argued, but presented in his answer. Additionally, the court gave Mary Ann adequate time to respond to Brian's motion to dismiss. The court indicated that Brian, a pro se defendant, had filed an answer asserting the statute of limitations as a defense, argued the same during the summary judgment hearing, and advanced a similar argument in writing following the hearing.[6] We see no error with the circuit court's ruling on this issue.

---

5.    SDCL 15-6-7(b) provides in part:

> (1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

6.    Mary Ann also acknowledges that on July 2, 2013, Brian filed a renewed motion for dismissal based on the statute of limitations defense.

[¶9.]     The final error Mary Ann asserts is that Brian did not properly respond to her initial motion for summary judgment. SDCL 15-6-56(c) provides in part:

> [A] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

While Brian did not dispute any of the material facts alleged by Mary Ann, he did raise the statute of limitations as a defense in both his answer and during the summary judgment hearing. Because the court concluded that Mary Ann was not yet entitled to a judgment as a matter of law, it did not err in withdrawing its order so that the parties could brief the statute of limitations issue.

### 2. Enforcement of Divorce Decree

[¶10.]     In awarding Mary Ann only seven installments of the loan, the circuit court ruled that the loan agreement was controlled by the statute of limitations for breach of contract rather than the limitations period for enforcement of a divorce decree. As a result, Mary Ann could not obtain a judgment on the earlier loan installments because a cause of action on those was barred by the statute of limitations. Mary Ann argues that the circuit court erred in determining that she could not enforce Brian and Sandra's divorce decree to recover the entirety of the debt.

[¶11.]     A breach of contract action is subject to a six-year statute of limitations. SDCL 15-2-13. Enforcement of a divorce decree, however, is subject to a twenty-year statute of limitations. SDCL 15-2-6. To obtain the amount Brian

owed her, Mary Ann sought to enforce Brian and Sandra's divorce decree, which allocated the remaining loan payments on the house to Brian. Mary Ann argues that she is eligible to enforce the terms of Brian and Sandra's divorce decree because the debt owed to her was listed in the decree. The circuit court concluded that Mary Ann was not a party to the divorce decree, and therefore, her claim was subject to the six-year statute of limitations for breach of contract. While part of Mary Ann's claim against Brian is barred under the breach of contract statute of limitations, her entire claim can advance if she can enforce the divorce decree. Accordingly, Mary Ann asks us to consider two possible avenues to allow her to enforce the terms of the decree so that the twenty-year statute of limitations applies.

[¶12.]     Mary Ann first contends that Sandra can enforce the divorce decree on behalf of Mary Ann against Brian because Sandra was a party to the divorce decree and could be liable to Mary Ann for the outstanding debt. Both Mary Ann and Sandra are parties to this suit. To support her position, Mary Ann points to a North Dakota case: *Recovery Resources, LLC v. Cupido*, 818 N.W.2d 787 (N.D. 2012). *Cupido* involved a statutory right to collect a debt under N.D.C.C. §§ 14-07-08(3) and 14-07-10 for medical expenses incurred during a marriage.[7] The wife claimed

---

7.     N.D.C.C. § 14-07-10 provides:

> The parties to a marriage are mutually liable to any person who in good faith supplied either party with articles necessary for their support. Such persons may recover the reasonable value from either party except in the cases when by law one party is not liable for the support of the other.

(continued . . .)

that her divorce action discharged her from paying her husband's debt incurred during their marriage because their divorce decree had made him responsible for paying that obligation. The North Dakota Supreme Court rejected this argument, ruling that "[a] court's division of debts in a divorce action does not affect the rights of third-party creditors." *Cupido*, 818 N.W.2d at 791. The court concluded that the wife remained liable for her husband's debt. *Id.* at 792. The court did note, however, that the wife was not precluded from taking action later against her ex-husband to enforce the divorce decree. *Id.*

[¶13.]     Nothing in *Cupido* supports Mary Ann's assertion that Sandra can enforce the divorce decree as a plaintiff so that Mary Ann can be paid under the divorce decree. In *Cupido*, both the divorced husband and wife were defendants who were sued to collect a contractual debt. The court's language does not suggest that the wife could have joined with the creditor to enforce a divorce decree and extend the statute of limitations period to sue her former husband. In the instant case, Sandra is not suing for money unpaid to her. Nor is Sandra suing Brian to indemnify herself because she paid Mary Ann the debt. Sandra was joined as a party plaintiff as a maneuver around the statute of limitations so that Mary Ann can recover the outstanding debt from Brian. Sandra can obtain no relief as a party

---

(. . . continued)
    N.D.C.C. § 14-07-08(3) provides:

> The husband and wife are liable jointly and severally for any debts contracted by either, while living together, for necessary household supplies of food, clothing, and fuel, medical care, and for shelter for themselves and family, and for the education of their minor children.

to this suit. Contrary to Mary Ann's claim, there is a difference in allowing Sandra to indemnify herself against a suit from Mary Ann, and allowing her to join as a plaintiff in a suit against Brian. Mary Ann cites no case law to support the result she seeks. The circuit court acknowledged this distinction and ruled accordingly.

[¶14.] Mary Ann argues in the alternative that she holds a vested equitable interest to enforce the terms of the divorce decree. For support, she cites *Fox v. Burden*, 1999 S.D. 154, 603 N.W.2d 916.[8] In *Fox*, a divorce stipulation was signed by both Burden and Fox and incorporated into the divorce decree. *Id.* ¶ 2, 603 N.W.2d at 918. As part of the stipulation, Fox agreed to change the name of the beneficiary on his $100,000 insurance policy from Burden to his minor children. *Id.* When Fox unexpectedly passed away ten days after the divorce decree was entered, no change had been made to his will or life insurance policy. *Id.* ¶ 3. Burden applied for and received the $100,000 proceeds from Fox's life insurance policy. *Id.* Nearly eight years later, however, Fox's daughter Shanna discovered the provision in the divorce decree naming her and her brother Michael as the beneficiaries to Fox's life insurance policy. *Id.* ¶ 6, 603 N.W.2d at 919. We concluded that Shanna had a superior right over Burden to the life insurance proceeds and could enforce the divorce decree because there was a specific reference to the insurance policy in the decree. *Id.* ¶ 23, 603 N.W.2d at 922-23. We also noted that Burden and Fox

---

8.   While part of *Fox* was abrogated by *Wehrkamp v. Wehrkamp*, 2009 S.D. 84 ¶ 6, 773 N.W.2d 212, 214 (abrogating *Fox* in part, which "mistakenly noted that . . . the contract statute of limitations applied to enforcement of the [divorce] stipulation."), the rest of the decision remains intact.

had incorporated the insurance policy into the divorce decree for the purpose of protecting the financial welfare of their children. *Id.* ¶ 21, 603 N.W.2d at 922.

[¶15.] Mary Ann also cites *Wehrkamp v. Wehrkamp*, where we held that "when it comes to the limitations period for enforcement of [a divorce] agreement, if it is incorporated into the divorce decree, such agreement merges into the decree and becomes part of the judgment." 2009 S.D. 84, ¶ 7, 773 N.W.2d at 214-15. In that case, the daughter of a divorced husband and wife sought to enforce a stipulation in the divorce decree that required her father to pay for her college expenses. *Id.* ¶ 1, 773 N.W.2d at 213. This Court applied the twenty-year divorce decree statute of limitations, determining that the daughter could enforce that provision, which was incorporated into the decree. *Id.* ¶ 7, 773 N.W.2d at 215.

[¶16.] In the present case, the circuit court concluded that Mary Ann could not enforce the divorce decree to receive the unpaid money owed by Brian. The court distinguished *Wehrkamp* and *Fox,* noting that those cases involved the parents' children as third-party beneficiaries. More important, however, the obligations in *Wehrkamp* and *Fox* were explicitly incorporated into the divorce decree. In contrast, there is no evidence that the pre-existing debt obligation to Mary Ann was incorporated into Brian and Sandra's divorce decree. Instead, the decree merely indicated how the marital assets and debts would be equitably divided as provided by law. *See Muenster v. Muenster*, 2009 S.D. 23, ¶ 16, 764 N.W.2d 712, 717 (S.D. 2009); *see also* SDCL 25-4-44 ("When a divorce is granted, the courts may make an equitable division of the property[.]"). There is nothing that distinguishes the debt to Mary Ann from the other liabilities in the divorce

decree. Moreover, Mary Ann cites no authority to support her position that a third-party creditor can use a divorce decree to extend a statute of limitations period for a pre-existing debt obligation where that obligation is not specifically incorporated into the decree.[9] Therefore, because Mary Ann was not a party to the divorce decree, and because the debt Brian owed was not incorporated into the decree, the circuit court was correct in ruling that Mary Ann could not enforce the decree.

### 3. Statute of Limitations

[¶17.] With Mary Ann unable to enforce Sandra and Brian's divorce decree, her remaining claim against Brian is for breach of contract, subject to a six-year statute of limitations under SDCL 15-2-13. Accordingly, the circuit court awarded Mary Ann the sum of seven installments on the loan. The loan agreement provided that each installment payment was to be made at the start of each month, beginning July 1, 1999, and ending June 1, 2007. Each installment required a payment of $200, except for the final installment, which required a payment of $777.50. The contract did not contain an acceleration clause.

---

9. Mary Ann does cite one case from Texas: *Stine v. Stewart*, 80 S.W.3d 586 (Tex. 2002) (per curiam). The facts in *Stine* are somewhat similar to ours. In *Stine*, a mother-in-law brought a third-party beneficiary breach of contract action against her son-in-law based on an agreement incident to the divorce from her daughter. *Id.* at 588. The Texas court noted that the agreement acknowledged the debt owed and thus created a new obligation. *Id.* at 591. Notably in that case, however, the Texas Supreme Court recognized that a third party could not enforce a divorce decree when the agreement "merely allocated responsibility for any . . . fees as part of the division of their marital property." *Id.* (citing *Brown v. Fullenweider*, 52 S.W.3d 169, 170 (Tex. 2001)). Moreover, unlike *Stine*, there is nothing in Sandra and Brian's divorce decree that treats the debt owed to Mary Ann as distinct from all other assets and liabilities. *See id.* Accordingly, *Stine* appears to support the circuit court's conclusion.

[¶18.] In determining the amount Mary Ann could recover from Brian, the circuit court treated each installment on the loan as a separate cause of action so that each installment had its own limitations period. The court then determined Mary Ann was entitled to seven installments on the loan beginning on December 1, 2006, and ending June 1, 2007. All payments owed before December 1, 2006, were barred by the statute of limitations. The general rule is that when money is owed in an installment contract, "[a] separate cause of action arises on each installment, and the statute of limitations runs separately against each, except where the creditor has a right to accelerate payments . . . ." 31 Samuel Williston & Richard Lord, A Treatise on the Law of Contracts § 79:17 (4th ed. 1993); *see also City of Lincoln v. Hershberger*, 725 N.W.2d 787, 791 (Neb. 2007) (noting that "where an obligation is payable by installments, the statute of limitations runs against each installment individually from the time it becomes due"). Because the loan agreement did not contain an acceleration clause, the court was correct in determining that Mary Ann could recover only the last seven unpaid installments on the loan. The right to sue on all the earlier installments had expired under the statute of limitations, and therefore the court did not err in ruling that Mary Ann could not recover those installments.

[¶19.] Affirmed.

[¶20.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.